# MATTER OF RAMIREZ-SOMERA

## In Deportation Proceedings

### A-38780688

*Decided by Board August 11, 1992*

(1) The plain language of section 212(c) of the Immigration and Nationality Act, 8 U.S.C.A. § 1182(c) (West Supp. 1992), bars relief under that section to any alien who has been convicted of an aggravated felony or felonies and who "has served," not merely been sentenced to, a term of imprisonment of at least 5 years for his aggravated felony or felonies.

(2) Although the respondent was sentenced to a 15-year term of imprisonment on his aggravated felony conviction, he is not at this time statutorily ineligible for section 212(c) relief because he has not yet actually served 5 years of this sentence.

CHARGE:

Order: Act of 1952—Sec. 241(a)(4)(B) [8 U.S.C. § 1251(a)(4)(B)]—Convicted of aggravated felony

Sec. 241(a)(11) [8 U.S.C. § 1251(a)(11)]—Convicted of controlled substance violation

ON BEHALF OF RESPONDENT:  
Pro se

ON BEHALF OF SERVICE:  
Richard Knuck  
General Attorney

BY: Milhollan, Chairman; Dunne, Morris, Vacca, and Heilman, Board Members

In a decision dated February 19, 1992, the immigration judge found the respondent deportable under section 241(a)(4)(B) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(4)(B) (1988), as an alien convicted of an aggravated felony, and under section 241(a)(11) of the Act, as an alien convicted of a controlled substance violation.[1] She further determined that the respondent was statutorily ineligible for a

---

[1] These sections of the Act have been revised and redesignated as sections 241(a)(2)(A)(iii) and (B)(i) of the Act, 8 U.S.C. §§ 1251(a)(2)(A)(iii) and (B)(i) (Supp. II 1990), by section 602(a) of the Immigration Act of 1990. Pub. L. No. 101-649, 104 Stat. 4978, 5080, but that amendment does not apply to deportation proceedings for which notice has been provided to the alien before March 1, 1991. *See* section 602(d) of the Immigration Act of 1990, 104 Stat. at 5082.

waiver of inadmissibility under section 212(c) of the Act, 8 U.S.C.A. § 1182(c) (West Supp. 1992), and ordered him deported to his native Mexico. The respondent has appealed from that decision. The appeal will be sustained, the decision of the immigration judge will be vacated insofar as it held that the respondent was statutorily ineligible for section 212(c) relief, and the record will be remanded for further proceedings. The request for oral argument is denied. 8 C.F.R. § 3.1(e) (1992). -

The respondent is a 30-year-old native and citizen of Mexico. The record reflects that he was lawfully admitted to the United States for permanent residence on December 14, 1983, at San Ysidro, California. The record further reflects that on October 11, 1989, he was convicted in the District Court of Nevada in and for Clark County, of conspiracy to sell a controlled substance (cocaine) for which he was sentenced to a period of confinement of 3 years. He was also convicted on the same day in the same court of trafficking in a controlled substance (cocaine) for which he was sentenced to a 15-year period of incarceration to run concurrently with the aforementioned sentence.

In the proceedings conducted before the immigration judge, the respondent admitted that he was convicted of the crimes delineated above. For its part, the Immigration and Naturalization Service introduced a certified copy of the respondent's record of conviction further establishing that he had been convicted as alleged in the Order to Show Cause and Notice of Hearing (Form I-221). Based on this evidence, the immigration judge found the respondent deportable as an alien convicted both of a controlled substance violation and an aggravated felony. The respondent then sought an opportunity to apply for a waiver under section 212(c) of the Act.

We note that as a result of language added by recent amendments to section 212(c) of the Act, relief under that section is not available "to an alien who has been convicted of one or more aggravated felonies and has served for such felony or felonies a term of imprisonment of at least 5 years." Section 511(a) of the Immigration Act of 1990, Pub. L. No. 101-649, 104 Stat. 4978, 5052 (effective Nov. 29, 1990), *as corrected by* section 306(a)(10) of the Miscellaneous and Technical Immigration and Naturalization Amendments of 1991, Pub. L. No. 102-232, 105 Stat. 1733, 1751 (effective Dec. 12, 1991); *see also Matter of Meza*, 20 I&N Dec. 257 (BIA 1991).

In the instant case, the immigration judge determined, pursuant to the revision to section 212(c) detailed above, that the respondent was statutorily ineligible for such relief because it appeared from the evidence presented that he would actually serve 5 or more years of the 15-year sentence imposed by the state court on his aggravated felony conviction. The immigration judge reached this conclusion notwith-

standing the fact that as of the date of the hearing, the respondent had not yet served 5 years in prison. In light of her determination that the respondent was statutorily ineligible for a section 212(c) waiver, the immigration judge declined to conduct further proceedings on the merits of the respondent's application for such relief.

On appeal, the respondent has not articulated any specific grounds for challenging the immigration judge's decision despite his having been granted two extensions for the purpose of filing a supporting brief or written statement. Under these circumstances, we would normally be inclined to summarily dismiss the appeal. We note, however, that the immigration judge determined that the respondent was statutorily ineligible for section 212(c) relief solely because he had been convicted of an aggravated felony for which he had been sentenced to a term of imprisonment of 15 years and would in all likelihood serve more than 5 years of this sentence. At the same time, the record reflects that the respondent had not yet actually served either an individual or aggregate 5-year period of imprisonment as of the date of the hearing.

The plain language of section 212(c) of the Act, as amended, now bars such relief to any alien who has been convicted of an aggravated felony or felonies and who "has served," not merely been sentenced to, a term of imprisonment of at least 5 years for his aggravated felony or felonies. At the time of his hearing, the respondent had not served 5 years in prison based on his aggravated felony conviction; therefore, he was not by that reason statutorily ineligible for relief under section 212(c).

Accordingly, we now reverse the decision of the immigration judge insofar as it held that the respondent was statutorily ineligible for a section 212(c) waiver, and we remand the record for further proceedings on the merits of his application for such relief. The Service has indicated on appeal that it does not oppose a remand under the circumstances presented by this case.

We recognize that our decision in this case will result in the expenditure of administrative effort and public funds which might not otherwise be necessary if the proceedings were continued to a point in time when the respondent has actually served 5 years in prison on his aggravated felony conviction, thereby establishing with certainty his statutory ineligibility for the relief he now seeks. We note, however, that the determination of whether and when to institute proceedings in individual cases is within the sole province of the Immigration and Naturalization Service, and its decisions in this regard are not reviewable by either the immigration judge or this Board. *Matter of U-M-*, 20 I&N Dec. 327 (BIA 1991), *aff'd*, 989 F.2d 1085 (9th Cir. 1993); *Matter of Torres*, 19 I&N Dec. 371 (BIA 1986); *Matter of Ramirez-*

*Sanchez*, 17 I&N Dec. 503 (BIA 1980); *Matter of Geronimo*, 13 I&N Dec. 680 (BIA 1971).

In any event, the approach we have adopted in the instant case is not without its benefits. By considering the merits of the respondent's section 212(c) application now, rather than waiting until he has actually served 5 years on his aggravated felony conviction, his deportation proceedings, including any subsequent administrative and judicial appeals, may very well be completed prior to his release from prison. This anticipated result is consistent with the expressed desire of the Congress of the United States to institute and complete deportation proceedings against criminal aliens as expeditiously as possible. *See* section 242(i) of the Act, 8 U.S.C. § 1252(i) (1988) (requiring expeditious institution of deportation proceedings against aliens convicted of crimes subjecting them to deportation); section 242A of the Act, 8 U.S.C. § 1252a (1988) (establishing expedited procedures for the deportation of aliens convicted of committing aggravated felonies).

Accordingly, the appeal will be sustained.

**ORDER:** The appeal is sustained. The decision of the immigration judge is vacated insofar as it held that the respondent was statutorily ineligible for a waiver of inadmissibility under section 212(c) of the Act.

**FURTHER ORDER:** The record is remanded to the immigration judge for further proceedings consistent with the foregoing decision.