# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 02-3378

_____

Salvador Torres-Rascon,                       *
                                              *
            Appellant,                        *
                                              *    Appeal from the United States
      v.                                      *    District Court for the
                                              *    Western District of Missouri.
Michael Heston, District Director             *
of Kansas City District Office of             *
Immigration and Naturalization                *
Service; James W. Ziglar,                     *
Commissioner of Immigration and               *
Naturalization Service; John                  *
Ashcroft, Attorney General of the             *
United States,                                *
                                              *
            Appellees.                        *


_____

Submitted:  March 10, 2003
    Filed:   July 3, 2003

_____

Before HANSEN, Chief Judge,[1] RILEY and MELLOY, Circuit Judges.

_____

HANSEN, Circuit Judge.

---

[1] The Honorable David R. Hansen stepped down as Chief Judge of the United States Court of Appeals for the Eighth Circuit at the close of business on March 31, 2003.  He has been succeeded by the Honorable James B. Loken.

Salvador Torres-Rascon is a Mexican citizen who entered the United States in 1965 and became a lawful permanent resident. In 1991, he pleaded guilty to federal charges of distributing and conspiring to distribute cocaine, and he was sentenced to ninety-seven months in prison. When Torres-Rascon was released from prison in 1998 after serving seventy-eight months of his sentence, he was taken into custody by the Immigration and Naturalization Service, which initiated proceedings to remove him based on these convictions.

The immigration judge (IJ) found that Torres-Rascon was removable, and that he was ineligible for a waiver of removal under 8 U.S.C. § 1182(c) (1994) because he had been convicted of aggravated felonies for which he had served more than five years in prison. Torres-Rascon appealed to the Board of Immigration Appeals (BIA), arguing that he was eligible for a § 1182(c) waiver under INS v. St. Cyr, 533 U.S. 289 (2001). The Board rejected his argument and dismissed his appeal. Torres-Rascon renewed this argument in a 28 U.S.C. § 2241 petition for a writ of habeas corpus, which the district court[2] denied. He now appeals, and for the reasons discussed below, we affirm the judgment of the district court.

I.

St. Cyr held that, in enacting the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Congress prospectively eliminated aliens' eligibility for § 1182(c) waivers but did not retroactively eliminate the eligibility of aliens who pleaded guilty prior to IIRIRA. The record in the instant case clearly shows that the IJ and the BIA complied with St. Cyr by evaluating Torres-Rascon's eligibility for a § 1182(c) waiver under the version of the law in effect at the time of his guilty plea, which provided that he was ineligible because he had been "convicted

_____

[2] The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri.

2

of one or more aggravated felonies and ha[d] served for such felony or felonies a term of imprisonment of at least 5 years." 8 U.S.C. § 1182(c) (1994).

Torres-Rascon argues, however, that St. Cyr did more than hold that IIRIRA did not retroactively eliminate § 1182(c) waivers. He focuses on the Supreme Court's statement that § 1182(c) waivers remain available for aliens "whose convictions were obtained through plea agreements and who, notwithstanding those convictions, would have been eligible for [§ 1182(c) waivers] at the time of their plea under the law then in effect." St. Cyr, 533 U.S. at 326. According to Torres-Rascon, this passage means that an alien who had not served five or more years in prison for an aggravated felony *by the time of his guilty plea* remains eligible for a § 1182(c) waiver even if he has served five or more years in prison for the aggravated felony by the time he is subjected to removal proceedings and requests the waiver.

We think that Torres-Rascon reads the St. Cyr passage completely out of context and urges an absurd reading of § 1182(c). Under his reading, there would be only two groups of aliens ineligible for a waiver: (1) those who had already served five years or more in prison for an aggravated felony before pleading guilty to that aggravated felony, and (2) those who had served five years or more in prison for an earlier aggravated felony and then pleaded guilty to another aggravated felony which led to their removal. We are aware of nothing in the statutory language, legislative history, or interpretive caselaw suggesting that Congress meant to restrict ineligibility only to aliens who languished in prison for five years or more before entering their guilty pleas (which we hope is a small group indeed) and aliens who were convicted of multiple aggravated felonies. We think that the commonsensical reading of § 1182(c) is the correct one: an alien like Torres-Rascon is ineligible for a waiver because he was convicted of aggravated felonies for which he had served more than five years in prison *by the time he was subjected to removal proceedings and requested the waiver*.

3

In addition to St. Cyr, Torres-Rascon relies on In re Ramirez-Somera, 20 I&N Dec. 564 (BIA 1992). There, the BIA held that an alien who pleaded guilty to an aggravated felony and was sentenced to five or more years in prison, but who had served less than five years in prison *by the time of his removal hearing*, remained eligible for a § 1182(c) waiver. See id. at 566. Ramirez-Somera's holding does not help Torres-Rascon, who had served more than five years of his prison sentence by the time of his removal hearing and was therefore ineligible for a § 1182(c) waiver. In fact, Ramirez-Somera undercuts Torres-Rascon's argument because, in that case as in this case, the BIA looked to the amount of imprisonment the alien had served by the time of his removal hearing, not by the time of his guilty plea.

## II.

Accordingly, we affirm the judgment of the district court.


A true copy.


Attest:


CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.