# In the
# United States Court of Appeals
## For the Seventh Circuit

———————

No. 04-2466

NELSON I. VELEZ-LOTERO,

*Petitioner-Appellee*,

v.

DEBORAH ACHIM, Interim Field Office Director,
U.S. Immigration and Customs Enforcement,
MICHAEL GARCIA, Assistant Secretary of
U.S. Immigration and Customs Enforcement,
ALBERTO R. GONZALES, Attorney General of
the United States, et al.,

*Respondents-Appellants.*

———————

Appeal from the United States District Court for
the Northern District of Illinois, Eastern Division.
No. 02 C 3615—**Robert W. Gettleman**, *Judge.*

———————

ARGUED JANUARY 13, 2005—DECIDED JULY 11, 2005

———————

Before ROVNER, EVANS and SYKES, *Circuit Judges.*

SYKES, *Circuit Judge.* Nelson Velez-Lotero, a citizen of
Columbia, pled guilty to a controlled substance offense in
Illinois in 1995 and was later ordered deported on the basis
of that conviction. After serving almost seven years of a
seventeen-year prison sentence, Velez-Lotero was paroled

and his custody was transferred to immigration authorities. He then filed a motion to reopen his case in the immigration court, claiming eligibility for discretionary waiver of inadmissibility under § 212(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(c), notwithstanding his conviction.

Section 212(c) was repealed by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"); it was replaced by a narrower discretionary relief provision that excludes from eligibility anyone previously convicted of an aggravated felony, including drug offenses like Velez-Lotero's. However, in *INS v. St. Cyr*, 533 U.S. 289 (2001), the Supreme Court held that the repeal could not be retroactively applied to aliens whose convictions were obtained by guilty pleas entered prior to IIRIRA's effective date. The immigration judge ("IJ") denied Velez-Lotero's motion to reopen, concluding that although the repeal of § 212(c) could not be applied to Velez-Lotero under *St. Cyr*, he was otherwise ineligible for § 212(c) discretionary relief because pre-IIRIRA law precluded such relief for aliens who had served five years or more in prison on an aggravated felony conviction.

The district court granted Velez-Lotero's habeas corpus petition, holding that under *St. Cyr*, eligibility for § 212(c) discretionary relief is determined at the time of the alien's guilty plea. On this reading of *St. Cyr*, the district court concluded that Velez-Lotero was eligible for § 212(c) relief because at the time of his guilty plea he had not yet served five years' imprisonment.

We reverse. The district court misapplied *St. Cyr*. The retroactive application of the repeal of § 212(c) is not at issue here. In denying Velez-Lotero's motion to reopen, the IJ did not retroactively apply IIRIRA's repeal of § 212(c); rather, the immigration judge concluded, correctly, that Velez-Lotero was ineligible for § 212(c) relief under pre-

IIRIRA law because at the time he applied for relief he had served more than five years in prison on an aggravated felony conviction.

## I.  Background

Velez-Lotero, a native and citizen of Columbia, entered the United States in 1986 as an immigrant. On February 1, 1995 he pled guilty to possession of a controlled substance with intent to deliver in Illinois state court and was sentenced to a seventeen-year term of imprisonment. In August of 1996, the Immigration and Naturalization Service issued an order to show cause, charging Velez-Lotero with deportability under sections 241(a)(2)(A)(iii) and 241(a)(2)(B)(i) of the INA. At a deportation hearing on March 4, 1997, Velez-Lotero admitted the allegations contained in the order, conceded deportability, and sought no relief. The IJ ordered him deported to Columbia and Velez-Lotero did not appeal.

On February 1, 2002, after serving almost seven years in prison, Velez-Lotero was paroled and his custody was transferred to immigration authorities. On June 19, 2002, he moved to reopen his deportation case, claiming eligibility for discretionary relief under § 212(c) of the INA, 8 U.S.C. § 1182(c) and citing the Supreme Court's then-recent decision in *St. Cyr*. In *St. Cyr*, the Supreme Court held that the repeal of § 212(c) was impermissibly retroactive when applied to aliens who pled guilty prior to IIRIRA's effective date; therefore, the Court concluded, discretionary relief under § 212(c) "remains available to aliens whose convictions were obtained through plea agreements and who, notwithstanding those convictions, would have been eligible for § 212(c) relief at the time of their plea under the law then in effect." *St. Cyr*, 533 U.S. at 326.

In his motion to reopen, Velez-Lotero asserted that under 8 U.S.C. § 1182(c) (1994)—the "law then in effect" at the

time of his plea—§ 212(c) relief was available to a criminal alien facing deportation who had not served five years' imprisonment. Velez-Lotero contended that because he had not served five years in prison at the time of his guilty plea, he was eligible for § 212(c) relief pursuant to the Supreme Court's decision in *St. Cyr*. Velez-Lotero also requested protection under Article 3 of the United Nations Convention Against Torture.

The IJ held that Velez-Lotero was ineligible for a § 212(c) waiver because he requested relief only *after* serving more than five years in prison for an aggravated felony, which made him statutorily ineligible under the law as it stood at the time of his plea. The IJ also ruled that Velez-Lotero's petition for relief under the Convention Against Torture was untimely; aliens seeking relief under the Convention and whose deportation orders became final before March 22, 1999, must have filed their motions to reopen by June 21, 1999. *See* 8 C.F.R. § 208.18(b)(2). Velez-Lotero's deportation order became final shortly after March 4, 1997, so he was required to file for relief by June 21, 1999, but did not. In denying Velez-Lotero's claim under the Convention, the IJ did not consider Velez-Lotero's argument that the June 21, 1999, filing deadline was arbitrary and capricious, being only three months after the legislation came into effect.

Velez-Lotero appealed to the Board of Immigration Appeals ("BIA"), which affirmed the IJ's decision without opinion under its streamlining procedure. *See* 8 C.F.R. § 1003.1(e)(4). He then sought review in this court, but we dismissed the petition pursuant to the jurisdiction-stripping provisions of IIRIRA. *See* 8 U.S.C. § 1252(a)(2)(c); *Calcano-Martinez v. INS*, 533 U.S. 348 (2001). Velez-Lotero then filed a petition for a writ of habeas corpus in the district court. The district court granted relief, remanding the case to the IJ for a new hearing. *Velez-Lotero v. Achim*, 312 F. Supp. 2d 1097, 1098 (N.D. Ill. 2004). The court read *St. Cyr* to require that Velez-Lotero's eligibility for § 212(c) relief be

determined as of the time of his guilty plea; because Velez-Lotero had not served five years' imprisonment at the time of his plea, the court held he was not precluded from § 212(c) eligibility under pre-IIRIRA law. *Id.*

In reaching this conclusion, the court noted that prior to § 212(c)'s repeal, the BIA had held that "[t]he plain language of section 212(c) . . . now bars such relief to any alien who has been convicted of an aggravated felony or felonies and who 'has served,' not merely been sentenced to, a term of imprisonment of at least five years." *Id.* (quoting *In re Ramirez-Somera*, 20 I&N Dec. 564, 566 (BIA 1992)). The district court reasoned that under *St. Cyr,* the operative date for determining § 212(c) eligibility is the date of the alien's guilty plea. *Id.* at 1100. Velez-Lotero obviously had not served five years in prison for an aggravated felony at the time of his guilty plea, so the district court concluded that he remained eligible for § 212(c) relief under *St. Cyr* and the denial of his motion to reopen was therefore improper. *Id.*

The district court also held that remand was appropriate because the IJ had not considered Velez-Lotero's argument that the three-month "window" to file for relief under the Convention Against Torture was arbitrary and capricious. The court also instructed the IJ to consider Velez-Lotero's request for a bond under 8 U.S.C. § 1226. The respondents—immigration authorities responsible for Velez-Lotero's custody (hereafter collectively "the government")—appealed.

## II. Discussion

### A. Eligibility for § 212(c) Waiver

The INA of 1952 excluded from the United States several classes of aliens, including aliens convicted of crimes involving moral turpitude or illicit trafficking in narcotics. This rule included a proviso, in § 212(c), granting the

Attorney General broad discretion to admit certain aliens otherwise excludable under the Act. Section 212(c) provided that "[a]liens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General." 8 U.S.C. § 1182(c). The BIA and federal courts later broadened the scope of this provision by holding that lawful permanent residents were eligible to apply for § 212(c) relief in deportation proceedings as well. *See Francis v. INS*, 532 F.2d 268 (2d Cir. 1976); *Matter of Silva*, 16 I&N Dec. 26 (BIA 1976). Eligibility for § 212(c) relief does not mean entitlement to relief. Section 212(c) limits the class of persons who are eligible to be considered for relief by the Attorney General; the ultimate decision whether to grant such relief is subject to administrative regulation and BIA decisional law, none of which is at issue in this case.

In 1990 Congress amended § 212(c) to preclude relief for "an alien who has been convicted of one or more aggravated felonies and has served for such felony or felonies a term of imprisonment of at least 5 years." Pub. L. No. 101-649, 104 Stat. 5052 (November 29, 1990); 8 U.S.C. § 1182(c). This new version of § 212(c) applied to applications for relief filed after its date of enactment. *See Cortes-Castillo v. INS*, 997 F.2d 1199, 1202 n.1 (7th Cir. 1993). Congress again modifed § 212(c) as part of the 1996 Antiterrorism and Effective Death Penalty Act ("AEDPA"), specifying a host of offenses for which conviction (and consequent prison time) would preclude waiver eligibility. Pub. L. No. 104-132, 110 Stat. 1214 (April 24, 1996). Later that same year, Congress passed IIRIRA, which repealed § 212(c) entirely. In its place Congress enacted 8 U.S.C. § 1229b, which gives the Attorney General authority to cancel removal for a narrow class of inadmissible or deportable aliens; notably, that class excludes anyone previously convicted of "any aggravated

felony." 110 Stat. 3009-597 (creating 8 U.S.C. § 1229b); *see also St. Cyr*, 533 U.S. at 297. The new statute applies to aliens in removal proceedings after April 1, 1997.

In *St. Cyr*, the Supreme Court, applying the retroactivity analysis set forth in *Landgraf v. USI Film Prods.*, 511 U.S. 244 (1994), held that the repeal of § 212(c) was impermissibly retroactive as applied to aliens who pled guilty prior to IIRIRA's effective date in the expectation that they would continue to be eligible for § 212(c) waivers. *St. Cyr*, 533 U.S. at 326. The Court held that "IIRIRA's elimination of any possibility of § 212(c) relief for people who entered into plea agreements with the expectation that they would be eligible for such relief clearly 'attaches a new disability, in respect to transactions or considerations already past,'" and therefore could not be retroactively applied. *Id.* at 321.

*St. Cyr* does not resolve this case. We accept, as the IJ did, that under *St. Cyr* the repeal of § 212(c) does not apply to Velez-Lotero, because he pled guilty prior to IIRIRA's effective date; nevertheless, he remains ineligible for § 212(c) relief under the law in effect at the time of his guilty plea. The law then in effect was the version of § 212(c), as amended in 1990, which denied eligibility for discretionary relief to any alien convicted of an aggravated felony who had served five or more years in prison for that offense. Under *that* law, Velez-Lotero is statutorily ineligible for relief; when he sought § 212(a) relief, he had served more than five years in prison for an aggravated felony.

The district court read *St. Cyr* to require that eligibility for § 212(c) relief be evaluated on the basis of the facts—not just the law—in existence at the time of a criminal alien's guilty plea, regardless of when application for relief is made or what has transpired since the plea. Put differently, under the district court's interpretation of *St. Cyr*, any permanent resident alien who pled guilty to an aggravated felony before April 1, 1997 (IIRIRA's effective date) is

perpetually eligible for a § 212(c) waiver, regardless of whether he has served five years or more in prison at the time he applies for relief. This interpretation effectively nullifies the pre-IIRIRA statute. *St. Cyr* cannot be read so broadly.

Enrico St. Cyr pled guilty to an aggravated felony in March 1996 and deportation proceedings against him were initiated in 1997, after the effective date of IIRIRA. *St. Cyr*, 533 U.S. at 293. The Supreme Court held only that the repeal of § 212(c) could not be applied to him retroactively; the Court did not evaluate his case under the pre-IIRIRA statute. We acknowledge that the language of the Court's ultimate holding contains a suggestion that the date of an alien's guilty plea is the operative date for determining eligibility for a § 212(c) waiver: "We therefore hold that § 212(c) relief remains available for aliens . . . whose convictions were obtained through plea agreements and who, notwithstanding those convictions, would have been eligible for § 212(c) relief at the time of their plea under the law then in effect." *Id.* at 326. However, as we have noted, using the date of plea as the point at which a criminal alien's § 212(c) eligibility is determined effectively renders the pre-IIRIRA statute a nullity; the pre-IIRIRA statute precludes eligibility for an alien who has been convicted of an aggravated felony and who "has served" five or more years in prison, a circumstance that obviously can never exist on the date of guilty plea.

*St. Cyr* was a case about the retroactive effect of IIRIRA's repeal of § 212(c); we do not believe the Supreme Court intended to disturb the operation of the *pre-IIRIRA* statute. Nothing in *St. Cyr* purports to alter the rule that the 1990 version of § 212(c) applies to applications for relief submitted after its effective date, November 29, 1990, *Cortes-Castillo*, 997 F.2d at 1202, or the rule that eligibility is determined as of the date of the hearing at which relief is requested, *Ramirez-Somera*, 20 I&N Dec. at 566. We

conclude that although *St. Cyr* requires that the law in effect at the time of Velez-Lotero's guilty plea be applied to his application for § 212(c) relief, it does not require that his application for relief be considered as if it had been filed or heard on the date of his plea. Velez-Lotero did not seek § 212(c) relief until after he had served more than five years in prison for an aggravated felony. This circumstance—not the retroactive application of the repeal of § 212(c)—disqualified him from eligibility for discretionary relief under the law in effect at the time of his guilty plea.[1]

## B.  Request for Bond Under 8 U.S.C. § 1226

As we have noted, the district court also remanded this case to the IJ for consideration of Velez-Lotero's argument that the three-month "window" for filing his claim under the Convention against Torture was arbitrary and capricious. The district court instructed the IJ on remand to consider Velez-Lotero's request for a bond under 8 U.S.C. § 1226. The government has not appealed the remand of Velez-Lotero's claim under the Convention, but has challenged the district court's order that the IJ consider Velez-Lotero's request for bond. Velez-Lotero asserted in his habeas petition that mandatory detention without bond of all aggravated felons in deportation proceedings is unconstitutional, because by failing to distinguish permanent resident aliens

---

[1] The government urges us to consider an alternative ground for denial of Velez-Lotero's claim under *St. Cyr*. It asks that we adopt the reasoning of the Third Circuit in *Dipeppe v. Quarantillo*, 337 F.3d 326 (3d Cir. 2003), which limited the *St. Cyr* exception to aliens who subjectively relied upon the availability of § 212(c) relief at the time of their plea agreements, for instance, by bargaining explicitly for sentencing recommendations of less than five years. Because we have resolved this appeal on other grounds, we need not explore this argument.

from other kinds of aliens the bond statute is not "narrowly tailored." The district court did not address that argument; it said nothing about the issue and simply instructed the IJ to "consider petitioner's request for a bond."

Velez-Lotero was released on "file custody review" by U.S. Immigration and Customs Enforcement on November 26, 2004, after the government filed its brief in this court. In his brief to this court, filed after his release, Velez-Lotero did not respond to the government's appeal of the district court's order on the bond issue, contending that by releasing him the government has constructively abandoned the issue. But at oral argument the government made clear that it has not abandoned its appeal on the bond issue, as well it should not, because if Velez-Lotero is detained again at some point during remand proceedings (and we have not been briefed on the terms and conditions of "file custody review") then the issue of bond eligibility will simply reappear.

The district court erred. Velez-Lotero is not eligible for a bond hearing under 8 U.S.C. § 1226. The statute provides, in relevant part:

> The Attorney General *shall* take into custody any alien who—
>
>   . . .
>
> (B) is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii) [crimes involving moral turpitude], (A)(iii) ["Aggravated felony"] . . . when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

8 U.S.C. § 1226(c)(1) (emphasis added). The Supreme Court has held that § 1226(c) "is a constitutionally permissible part of the process." *Demore v. Kim*, 538 U.S. 510, 531

(2003); *see also Gonzalez v. O'Connell*, 355 F.3d 1010, 1019-20 (7th Cir. 2004). The only exception to this provision is for aliens admitted into the Witness Protection Program whom the Attorney General is satisfied do not pose a danger to the safety of persons or property and who are likely to appear for their hearings. *See* 8 U.S.C. § 1226(c)(2). Velez-Lotero is not in the Witness Protection Program. He is ineligible for a bond hearing.

For the foregoing reasons, we REVERSE the district court's grant of habeas relief on the question of Velez-Lotero's eligibility for a § 212(c) waiver. The district court's order regarding Velez-Lotero's eligibility for bond is also REVERSED. The case is REMANDED for further proceedings consistent with this opinion.

A true Copy:

      Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*