MATTER OF GERONIMO

In Deportation Proceedings

A-18924288

*Decided by Board March 5, 1971*

(1) Determination as to the institution of deportation proceedings against a deportable alien lies within the province of the District Director. Where deportation proceedings have been instituted, it is not within the province of the special inquiry officer, nor the Board of Immigration Appeals on appeal, to review such action but to determine whether deportability is established by evidence which is clear, convincing and unequivocal.

(2) Allegations of misconduct against Service personnel and respondent's former attorney made on appeal in deportation proceedings and based on matters outside the administrative record, should not be casually asserted but should be specified and stated under oath.

CHARGE:

Order: Act of 1952—Section 241 (a) (2) [8 U.S.C. 1251 (a) (2)]—Nonimmigrant visitor—remained longer than permitted.

This is an untimely appeal from a decision of a special inquiry officer, finding the respondent deportable on the above-stated charge and granting her the privilege of voluntary departure. We shall consider the case on certification under 8 CFR 3.1 (d).

Respondent is a 24-year-old unmarried female, native and citizen of the Philippines, who was admitted to the United States as a nonimmigrant visitor for pleasure on October 4, 1969 and has remained longer than permitted. At a deportation hearing on January 22, 1971, at which she was represented by counsel, she admitted the factual allegations of the order to show cause and conceded deportability. On the same day, the special inquiry officer granted her the privilege of departing voluntarily on or before February 22, 1971. Respondent thereafter retained present counsel, whose notice of appeal in her behalf, though dated January 29, 1971, was not filed until February 5, 1971.

In his notice of appeal and supporting brief, present counsel seeks reversal on the basis of factual allegations outside the ad-

ministrative record. In substance, the brief asserts that respondent obtained her visitor's visa through travel agents in the Philippines who, without her knowledge, had falsified her visa application and passport; that following entry, on April 1, 1970 respondent filed a third preference visa petition, which has been approved by the District Director; that respondnet, on interview by Service investigators, gave a detailed statement as to her visitor's visa; that the District Director, contrary to his usual policy, declined to permit respondent to remain in the United States until a quota number became available, but instead instituted these deportation proceedings against her. The brief asserts that respondent's former counsel failed at the deportation hearing to raise a defense based on the allegedly improper actions of the District Director and the Service investigator.

The assertion that the District Director abused his discretion in refusing to permit the respondent to remain in the United States after approval of her visa petition presents no defense cognizable in these deportation proceedings. It is within the District Director's prosecutive discretion whether to institute deportation proceedings against a deportable alien or temporarily to withhold such proceedings. Where such proceedings have been begun, it is not the province of the special inquiry officer (or of this Board on appeal) to review the wisdom of the District Director's action in starting the proceedings, but to determine whether the deportation charge is sustained by the requisite evidence. Our review of this record satisfies us that deportability has been established by evidence which is clear, convincing and unequivocal. The allegations which present counsel now makes with respect to the District Director raise no proper defense to the deportation charge. Respondent's former attorney was not remiss in not attempting to put forward such an untenable defense.

The second point asserted in the notice of appeal is that the respondent's failure to develop at the hearing the facts of her victimization by the Philippine travel agents deprived her of the opportunity to leave voluntarily. Since the special inquiry officer did in fact grant respondent the privilege of voluntary departure, we fail to see how she has been prejudiced by the failure of her former attorney to burden the record with the irrelevant details of her alleged deception by her travel agents.

The third ground for appeal in the notice of appeal is stated thus: "Immigration Service through their threats and misleading statements to induce alien and her former counsel to present no real defense to the charges in the hearing." This statement is not

681

merely ungrammatical. If untrue, it is irresponsible. Grave charges such as these, made against Service personnel and respondent's former attorney, and obviously based on matters outside the administrative record, should not be casually asserted in an unsworn allegation if they are seriously urged. The facts should be specified and stated under oath, subject to the penalties of perjury. If not seriously urged, such charges should not be asserted at all.

We do not know what, if anything, happened outside the administrative record now before us. Our careful review of that record satisfies us that the special inquiry officer conducted a fair hearing, properly found the respondent deportable as charged, and accorded her the privilege of voluntary departure, the only form of discretionary relief from deportation for which respondent is eligible. If present counsel feels that additional voluntary departure time is needed, he has an adequate remedy in an application to the District Director under 8 CFR 244.2. In support of that application he may present such proofs as he may deem appropriate, including the evidence of respondent's alleged good faith in obtaining the visa, *etc.*

ORDER: The decison of the special inquiry officer is affirmed. *It is further ordered* that, pursuant to the special inquiry officer's order, the respondent be permitted to depart from the United States voluntarily within 31 days from the date of this order or any extension beyond that time as may be granted by the District Director; and that, in the event of failure so to depart, the respondent shall be deported as provided in the special inquiry officer's order.