## MATTER OF FLORES

### In Deportation Proceedings

### A-19456816

*Decided by Board December 21, 1973*

Respondent was admitted to the United States on November 22, 1970 as a temporary visitor for a period to expire on May 22, 1971. Although thereafter permitted to remain in this country as the beneficiary of an approved third preference visa petition, she is nevertheless an overstayed visitor and the termination of her indefinite voluntary departure by the issuance of an order to show cause without other notice, was proper.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—nonimmigrant— remained longer.

ON BEHALF OF RESPONDENT:
Emanuel Braude, Esquire
215 West 5th Street
Los Angeles, California 90013

ON BEHALF OF SERVICE:
Reece B. Robertson
Trial Attorney

This is an appeal from an order of an immigration judge finding the respondent to be deportable, denying her request for termination of the proceedings, and granting her the privilege of voluntary departure. The appeal will be dismissed.

The respondent is a 24-year-old unmarried female alien, a native and citizen of the Philippines, who was admitted to the United States on November 22, 1970 as a nonimmigrant visitor for a period to expire May 22, 1971. On March 15, 1971, the Deputy District Director of the Immigration and Naturalization Service at New York, New York, sent her a notice that a third preference visa petition in her behalf had been approved. (Ex. 2). A check mark was placed opposite the following printed paragraph in the notice:

The petition has been approved. The petition states that the beneficiary is in the United States and will apply for adjustment of status to that of a lawful permanent resident. A visa number is not presently available; therefore, the beneficiary may not apply for adjustment of status to that of a permanent resident. The beneficiary has been or will be notified concerning his stay in the United States.

It is agreed that, before issuance of the Order to Show Cause on March 2, 1973, the Service did not communicate with the respondent further concerning her stay in the United States.

At the deportation hearing before the immigration judge, respondent conceded the truth of the factual allegations of the Order to Show Cause but denied deportability. Counsel moved for termination of the proceedings on the ground that respondent could not be considered an overstay before the Service notified her concerning her stay in the United States, as it had undertaken. The immigration judge denied the termination request. On appeal, counsel presses the same contention. We have previously pointed out that mere approval of a third preference visa petition confers no right to remain in the United States until the alien's turn is reached on the waiting list, *Matter of Li*, 13 I. & N. Dec. 629 (BIA 1970), summarily affirmed *Li* v. *Rosenberg*, unreported (C.A. 9, No. 26,689, February 5, 1971), cert. denied *Li* v. *INS*, 402 U.S. 947 (1971). The District Director's statement that, "You will be advised later concerning your stay in the United States" can by no means be construed as a grant of an extension of the respondent's nonimmigrant status. The most that can be read into this statement is that no decision had been as yet reached whether the respondent would be permitted to remain here as a deportable alien with indefinite voluntary departure after her stay expired, without the institution of deportation proceedings. Cf. *Matter of Gallares*, Interim Decision No. 2177 (BIA 1972). The District Director's decision not to grant indefinite voluntary departure was manifested by his issuance of the order to show cause on March 2, 1973. The District Director's decision in that regard is not reviewable by the immigration judge or by us, *Matter of Geronimo*, 13 I. & N. Dec. 680 (BIA 1971).

Respondent has not been prejudiced by the Service's failure to communicate with her further concerning her stay in the United States. She has been granted the privilege of voluntary departure. If she departs within the time allotted, or within any extension which the District Director may grant, there will be no impediment on this account to her obtaining an immigrant visa once her turn is reached on the waiting list.

**ORDER:** The appeal is dismissed.

*Further order:* Pursuant to the immigration judge's order, the respondent is permitted to depart from the United States voluntarily within 30 days from the date of this order or any extension beyond that time as may be granted by the District Director; and in the event of failure so to depart, the respondent shall be deported as provided in the immigration judge's order.