## MATTER OF ROUSSIS

### In Deportation Proceedings

### A-21401985

*Decided by the Board June 30, 1982*

The immigration judge's decision granting the respondent's motion to remand his adjustment of status application to the District Director for adjudication is in clear derogation of the carefully defined jurisdictional scheme set out in the Code of Federal Regulations pertaining to section 245 relief and impermissibly impinges upon the District Director's prosecutorial discretion.

CHARGE:
Order: Act of 1952—Sec. 241(a)(2) [8 U.S.C. 1251(a)(2)] – Nonimmigrant student— remained longer than permitted

ON BEHALF OF RESPONDENT:
Pro se

ON BEHALF OF SERVICE:
Gerald S. Hurwitz
Appellate Trial Attorney

BY: Milhollan, Chairman; Maniatis, Dunne, Morris and Vacca, Board Members

In a decision dated February 1, 1982, an immigration judge granted the respondent's motion to reopen his deportation proceedings and to remand his case to the District Director for consideration of his application for adjustment of status under section 245 of the Immigration and Nationality Act, 8 U.S.C. 1255. She then certified her decision to the Board for review pursuant to 8 C.F.R. 3.1(c) and 8 C.F.R. 242.8(a). The immigration judge's decision will be reversed.

The respondent, a 30-year-old native and citizen of Greece, was admitted to the United States on October 27, 1972, as a nonimmigrant student, authorized to remain until October 26, 1976. In deportation proceedings conducted on July 6, 1977, the respondent was found deportable as an overstay under section 241(a)(2) of the Act, 8 U.S.C. 1251(a)(2), but was granted the privilege of voluntary departure in lieu of deportation.

On February 1, 1982, the immigration judge ordered the deportation proceedings reopened on the basis of an immediate relative visa petition which had been filed on the respondent's behalf by his United States citizen spouse.[1] Over the objection of the Immigration and Naturaliza-

---

[1] The respondent had already filed an earlier motion to reopen on August 27, 1977, in

tion Service, she further ordered that the case be remanded to the District Director for adjudication of the respondent's adjustment application. She then certified her decision to us for review.

The precise issue presented is whether an immigration judge is authorized to remand a case involving a section 245 application to the District Director for adjudication notwithstanding the fact that an Order to Show Cause has been issued, deportation proceedings have begun, and the District Director objects to the remand order.

The immigration judge concluded that an order of remand to permit consideration by the District Director of an adjustment application, coupled with an order of conditional termination of the deportation proceedings, is a permissible exercise of her authority. Such procedure, she submits, promotes efficiency and the savings of resources for the District, the Immigration Court, the aliens and their representatives and, at the same time, does not contravene the applicable regulations. Moreover, she contends that "to deny to an alien the ability to move for a remand [a procedure available to the Service in certain circumstances pursuant to 8 C.F.R. 242.7] would unfairly favor the Service. . . ."

The Immigration and Naturalization Service opposes the remand, arguing that the immigration judge's unilateral decision to remand not only violates the regulations but impinges upon the District Director's prosecutorial discretion.

For resolution of this question, reference must be made to provisions within the Code of Federal Regulations. The pattern set out in the code to govern the adjudication of applications for adjustment of status is quite clear. Pursuant to 8 C.F.R. 245.2(a)(1), "after an alien has been served with an Order to Show Cause or warrant of arrest, his application for adjustment of status under section 245 of the Act shall be made and considered only in proceedings under Part 242 of this Chapter."[2] It is evident then that the immigration judge is charged by regulation, which has the force of law, with the responsibility of accepting and adjudicating an application for section 245 relief if that application is submitted by an alien in deportation proceedings.

The immigration judge acknowledges that 8 C.F.R. 245.2(a)(1) vests the immigration judge with exclusive jurisdiction to entertain adjustment applications, once an Order to Show Cause has been issued. It is her position, however, that nothing prevents the immigration judge from "ceding" that jurisdiction when practical and equitable considerations dictate. Thus, under the immigration judge's theory, the District Director could be forced to assume jurisdiction over a pending adjustment application simply because an immigration judge chooses to relin-

which he requested consideration of an adjustment application based upon a sixth preference petition. This motion was still pending when the immediate relative petition was substituted.

[2] Section 242 governs the institution, conduct, and resolution of deportation proceedings.

quish it. We do not believe that an issue as fundamental as jurisdiction is subject to *ad hoc* resolution, especially given the explicit mandate of the regulation in question.

Further, we agree with the Immigration and Naturalization Service that a *sua sponte* remand by an immigration judge impinges upon the District Director's exclusive authority to control the prosecution of deportable aliens. It has long been held that when enforcement officials of the Immigration and Naturalization Service choose to initiate proceedings against an alien and to prosecute those proceedings to a conclusion, the immigration judge is obligated to order deportation if the evidence supports a finding of deportability on the ground charged. Integral to a determination of whether an alien, although indisputably deportable, is to be ordered deported is whether or not he is eligible for any form of relief from deportation. *See* 8 C.F.R. 242.17. *See Lopez-Telles* v. *INS*, 564 F.2d 1302 (9 Cir. 1977); *Guan Chow Tok* v. *INS*, 538 F.2d 36 (2 Cir. 1976); *Matter of Merced*, 14 I&N Dec. 644 (BIA 1974); *Matter of Geronimo*, 13 I&N Dec. 680 (BIA 1971). *See also Matter of Chamizo*, 13 I&N Dec. 435 (BIA 1969).

Aside from 8 C.F.R. 242.7, which authorized the District Director, in certain specified instances, to cancel an Order to Show Cause and thereby terminate proceedings prior to their commencement or to request dismissal or remand of a case after proceedings have begun, there is no provision in the regulations which authorizes the termination, whether conditional or final, of deportation proceedings. On the contrary, the regulations emphatically require the prompt completion of the deportation hearing if no action to terminate or remand is taken by the District Director. *See* 8 C.F.R. 242.7.

In conclusion, we find that the immigration judge's decision to grant the respondent's motion to remand and thereby conditionally divest herself of jurisdiction over his adjustment application is in clear derogation of the carefully defined jurisdictional scheme set out in the regulations pertaining to section 245. Further, the immigration judge's concern that an alien must be allowed to move for a remand of his adjustment application if the Service and the alien are to stand before her as equals is misplaced. While an alien is given the right to submit an application for relief under section 245, no authority of which we are aware suggests that he also has the right to dictate the procedures whereby his application is adjudicated.

Finally, we have noted the immigration judge's commendable interest in improving the efficiency of existing adjudicatory procedures. However, the fact remains that the suggested improvements are at variance with the applicable regulations. Thus, in the absence of regulatory amendment, we cannot sanction the procedures followed below.

ORDER: The decision of the immigration judge is reversed.