# Matter of S-O-G- & F-D-B-, Respondents

*Decided by Attorney General September 18, 2018*

U.S. Department of Justice
Office of the Attorney General

(1) Consistent with *Matter of Castro-Tum*, 27 I&N Dec. 271 (A.G. 2018), immigration judges have no inherent authority to terminate or dismiss removal proceedings.

(2) Immigration judges may dismiss or terminate removal proceedings only under the circumstances expressly identified in the regulations, *see* 8 C.F.R. § 1239.2(c), (f), or where the Department of Homeland Security fails to sustain the charges of removability against a respondent, *see* 8 C.F.R. § 1240.12(c).

(3) An immigration judge's general authority to "take any other action consistent with applicable law and regulations as may be appropriate," 8 C.F.R. § 1240.1(a)(1)(iv), does not provide any additional authority to terminate or dismiss removal proceedings beyond those authorities expressly set out in the relevant regulations.

(4) To avoid confusion, immigration judges and the Board should recognize and maintain the distinction between a dismissal under 8 C.F.R. § 1239.2(c) and a termination under 8 C.F.R. § 1239.2(f).

## BEFORE THE ATTORNEY GENERAL

Pursuant to 8 C.F.R. § 1003.1(h)(1)(i) (2018), I direct the Board of Immigration Appeals to refer these cases to me for review of its decisions. For the reasons set forth in the accompanying opinion, I affirm the Board's decision in *Matter of S-O-G-* and vacate the Board's decision in *Matter of F-D-B-*. I remand *Matter of F-D-B-* to the immigration judge for further proceedings in accordance with the opinion.

Pursuant to 8 C.F.R. § 1003.1(h)(1)(i) (2018), I directed the Board of Immigration Appeals ("Board") to refer to me its decisions in these matters. In each of these matters, the Board considered an immigration judge's order ending removal proceedings. In one case a motion to dismiss was filed by the Department of Homeland Security ("DHS"), and in the other a motion to terminate was filed by the respondent. I granted review of these two cases to provide guidance on the appropriate standard by which immigration judges and the Board should evaluate such motions. Because the relevant regulation is clear, I concluded that additional briefing was unnecessary.

For the reasons set forth in the accompanying opinion, I affirm the Board's July 23, 2018, decision in *Matter of S-O-G-*, and I vacate the Board's

July 18, 2018, decision in *Matter of F-D-B-* and remand that matter to the immigration judge for further proceedings.

There is no question that immigration judges have authority to dismiss and terminate removal proceedings under certain defined circumstances. I hold, however, that consistent with my opinion in *Matter of Castro-Tum*, 27 I&N Dec. 271 (A.G. 2018), immigration judges have no inherent authority to terminate or dismiss removal proceedings. Accordingly, they may not terminate or dismiss those proceedings for reasons other than those expressly set out in the relevant regulations or where DHS has failed to sustain the charges of removability.

## I.

In each of the referred matters, the Board considered an immigration judge's order ending removal proceedings. These orders reflect the divergent approaches the immigration courts have taken in reviewing motions to dismiss or terminate pending cases. In *S-O-G-*, the Board held that the immigration judge correctly concluded proceedings after finding the regulatory standard for "termination" had been met. In *F-D-B-,* the Board held that, "[u]nder the particular facts and circumstances of [the] case," the immigration court had "appropriate[ly]" invoked its crowded docket and its "discretion" to terminate removal proceedings, slip op. at *1 (BIA July 18, 2018). I certified these matters to resolve the division of authority, correct legal error, and confirm the proper legal standard for dismissal or termination of removal proceedings.

## A.

DHS initiated the certified proceedings against Respondent S-O-G-, a citizen of Mexico, by a Notice to Appear, dated March 15, 2015, charging removability pursuant to section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA"). S-O-G- conceded removability and indicated her intention to file an application for relief or protection from removal. No such applications were filed with the immigration judge. During the course of subsequent removal proceedings, DHS learned that S-O-G- had previously been subject to an *in absentia* removal order, which had become final on July 29, 2002. Consequently, on July 26, 2017, DHS moved "to dismiss the case" without prejudice. *Matter of S-O-G-*, Hearing Transcript at 24 (Immig. Ct. July 26, 2017). The immigration judge granted DHS's motion—which he referred to as a "motion for termination of these proceedings"—because the respondent was already the subject of a final order of removal. *Id.* at 25–27.

S-O-G- appealed to the Board, challenging DHS's reliance on its prosecutorial discretion and arguing that the termination violated her due process right to apply to the immigration judge for relief or protection from removal. The Board affirmed, explaining that DHS "is afforded broad prosecutorial discretion to initiate removal proceedings, to cancel a[] Notice to Appear prior to jurisdiction vesting with the [i]mmigration [j]udge, and to seek dismissal after jurisdiction has vested." *Matter of S-O-G-*, slip op. at *1 (BIA July 23, 2018).

Once jurisdiction has vested, "[a]n immigration [j]udge may terminate proceedings where the DHS moves to dismiss the Notice to Appear on the basis of one of the grounds contained in the regulations, and the [i]mmigration [j]udge finds dismissal appropriate." *Id*. The Board found that "DHS's motion comports with the governing regulations which provide that, after commencement of proceedings, counsel may move for dismissal if the Notice to Appear was improvidently issued . . . or if for other reasons, the DHS has decided that continuation is no longer in the best interest of the government." *Id*. at *2. The Board rejected S-O-G-'s argument that the immigration judge's order had violated her due process rights.

## B.

Respondent F-D-B-, a citizen of Brazil, entered the United States illegally in 2004. DHS placed her into removal proceedings and charged her with removability under section 212(a)(6)(A)(i) of the INA. She failed to appear for her proceedings as required in 2004, and the immigration judge ordered her removed *in absentia*. On December 9, 2013, F-D-B- filed an unopposed motion to reopen and rescind her *in absentia* order. After the immigration judge reopened, F-D-B- conceded removability. In 2016, after she had obtained a visa as an alien relative, her case was administratively closed pending the adjudication of her application for a provisional unlawful presence waiver.

After obtaining the provisional waiver and the recalendaring of her case before the immigration judge, F-D-B- moved on December 14, 2017, to terminate the removal proceeding. She explained that she intended to complete the necessary consular processing abroad. DHS opposed the motion, arguing that removability had been established and that F-D-B- should seek voluntary departure or other relief within the removal proceeding. The immigration judge granted the motion and terminated without prejudice.

The immigration judge did not dispute that F-D-B- had no legal right to remain in the United States; that her voluntary departure would end the removal proceeding; and that she could apply at a United States consulate in

Brazil to obtain an immigrant visa and return. Nevertheless, the immigration judge terminated the proceedings without requiring her departure—stating in a written order that there "appears [to be] no apparent reason why this case should remain on the court['s] busy docket when she is simply waiting for an interview abroad"—enabling her to remain in the United States illegally while awaiting her consular interview in Brazil. *Matter of F-D-B-,* Order on Motion to Terminate Proceedings at \*1 (Immig. Ct. Dec. 14, 2017).

DHS appealed. On July 18, 2018, the Board affirmed the immigration judge's order, citing F-D-B-'s concern that "voluntary departure could result in the revocation of her provisional waiver or . . . an additional ground of inadmissibility that cannot be waived by the provisional waiver." *F-D-B-,* slip op. at \*1 (BIA July 18, 2018). Consequently, based on "the particular facts and circumstances of [the] case," the Board concluded that "termination of the respondent's removal proceedings without prejudice was appropriate." *Id.*

## II.

The INA vests DHS with the exclusive authority to place aliens in removal proceedings. *Castro-Tum*, 27 I&N Dec. at 289; *see also Matter of W-Y-U-*, 27 I&N Dec. 17, 19 (BIA 2017). DHS initiates removal proceedings by issuing, serving, and filing a Notice to Appear identifying the charges against a respondent. INA § 239(a), 8 U.S.C. § 1229(a); 8 C.F.R. § 1003.14(a) (removal proceedings "commence" when DHS files the Notice to Appear with the immigration court). DHS may unilaterally cancel a Notice to Appear under certain enumerated circumstances before jurisdiction vests with the immigration judge. *See* 8 C.F.R. § 239.2(a).

Once jurisdiction vests, however, the statutory power to supervise immigration proceedings resides with the Attorney General. *See* INA § 103(a)(1), (g), 8 U.S.C. § 1103(a)(1), (g). And as I recently reiterated, immigration judges may "exercise *only* the authority provided by statute or delegated by the Attorney General." *Castro-Tum*, 27 I&N Dec. at 283 (emphasis added). This is particularly so in the context of dismissal and termination, dispositions that implicate both the carefully defined jurisdictional scheme set forth by the INA and the inherent prosecutorial discretion of DHS. *See Matter of Roussis*, 18 I&N Dec. 256, 257–58 (BIA 1982) (explaining that immigration judges may not simply cede their jurisdiction "when practical and equitable considerations dictate").

As the Board has explained, "[i]t is well settled that an [i]mmigration [j]udge may only 'terminate proceedings when the DHS cannot sustain the charges [of removability] or in other specific circumstances consistent with the law and applicable regulations.'" *Matter of J-A-B- & I-J-V-A-*, 27 I&N

Dec. 168, 169 (BIA 2017) (quoting *Matter of Sanchez-Herbert*, 26 I&N Dec. 43, 45 (BIA 2012) (second alteration in original)).  As relevant here, on motion by DHS, an immigration judge may dismiss the proceedings where "[t]he [N]otice to [A]ppear was improvidently issued" or the "[c]ircumstances of the case have changed after the [N]otice to [A]ppear was issued to such an extent that continuation is no longer in the best interest of the government."  8 C.F.R. §§ 239.2(a)(6)–(7), 1239.2(c).  The regulations also allow immigration judges to terminate removal proceedings "to permit the alien to proceed to a final hearing on a pending application or petition for naturalization when the alien has established prima facie eligibility for naturalization and the matter involves exceptionally appealing or humanitarian factors," but provide that, "in *every other case*, the removal hearing shall be completed as promptly as possible."  8 C.F.R. § 1239.2(f) (emphasis added).[1]

Apart from these circumstances, the relevant statutes and regulations do not give immigration judges the discretionary authority to dismiss or terminate removal proceedings after those proceedings have begun. *See, e.g.*, INA § 240, 8 U.S.C. § 1229a; 8 C.F.R. § 1239.2.  An immigration judge's general authority to "take any other action consistent with applicable law and regulations as may be appropriate," *see* 8 C.F.R. § 1240.1(a)(1)(iv), is no exception.  Given that the provision does not permit the immigration judge to suspend indefinitely a respondent's removal proceedings, *see Castro-Tum*, 27 I&N Dec. at 285, the provision similarly cannot be read to provide the authority to end removal proceedings entirely.  Such an action would both exceed the authorized bases for dismissal or termination in the regulations and conflict with the limited authority to dismiss or terminate removal proceedings under 8 C.F.R. § 1239.2.  The INA requires that "[a]t the conclusion of the proceeding the immigration judge *shall* decide whether an

---

[1]  Department of Justice regulations also confer authority on immigration judges to dismiss or terminate proceedings in other circumstances. *See, e.g.*, 8 C.F.R. §§ 1216.4(a)(6) (authorizing termination of removal proceedings after an alien obtains lawful permanent residence on a conditional basis on joint motion by the alien respondent and DHS), 1235.3(b)(5)(iv) ("If the immigration judge determines that the alien was once so admitted as a lawful permanent resident or as a refugee, or was granted asylum status, or is a U.S. citizen, and such status has not been terminated by final administrative action, the immigration judge will terminate proceedings and vacate the expedited removal order."), 1238.1(e) (permitting termination, upon DHS request, in "any proceeding commenced under section 240 of the [INA] which is based on deportability under section 237 of the [INA], if it appears that the respondent alien is subject to removal pursuant to section 238 of the [INA]"; thereafter, DHS "may commence administrative proceedings under section 238 of the [INA]"), 1245.13(*l*) (instructing immigration judges to "deem terminated" certain removal proceedings involving nationals of Nicaragua or Cuba if their application for adjustment of status is granted).  The record does not indicate that the parties here moved to dismiss or terminate under any of these provisions.

alien is removable from the United States." INA § 240(c)(1)(A), 8 U.S.C. § 1229a(c)(1)(A) (emphasis added). Consistent with that authorization, the immigration regulations give enforcement officials, not immigration judges, general discretionary authority to cancel a Notice to Appear before removal proceedings commence or to move for the dismissal of removal proceedings after they have begun. *See* 8 C.F.R. § 1239.2(a), (c); *see also* 8 C.F.R. § 1239.1.

In *S-O-G-*, the immigration judge's order and the Board's opinion both describe the relevant DHS motion as one to "terminate" the removal proceeding, *see* 8 C.F.R. § 1239.2(f), but the record indicates that the parties understood the motion to be one to dismiss pursuant to 8 C.F.R. § 1239.2(c) and 8 C.F.R. § 239.2(a). Although "dismissal" and "termination" have distinct meanings and different requirements under the regulations, they are similar concepts in the context of concluding removal proceedings, and it is not uncommon for immigration judges and the Board to use them interchangeably or to conflate them under a common heading of "termination." To avoid confusion, immigration judges and the Board should recognize and maintain the distinction between dismissal and termination in the future. Nevertheless, I proceed here upon the parties' understanding that DHS had moved to dismiss.[2]

Indeed, both the immigration judge and the Board applied the appropriate regulatory standard for dismissal of a removal proceeding. The immigration judge granted DHS's motion because S-O-G- was already subject to a removal order, a fact that DHS did not know when it served the Notice to Appear. As the Board later found, dismissal was appropriate either as (1) an occasion where the subsequent Notice to Appear was improvidently issued because similar proceedings had already concluded, *see* 8 C.F.R. § 239.2(a)(6), or (2) an instance where DHS had demonstrated that moving forward in this proceeding, duplicating its previous efforts, was not in the best interests of the Government, *see id.* § 239.2(a)(7). I agree that either theory was sufficient to affirm.

In *F-D-B-,* the immigration judge did not identify any statutory or regulatory basis to justify terminating the removal proceedings. Instead, she cited only the facts of the matter, the court's "busy docket," and her own "discretion" to terminate the case. Similarly, the Board cited no legal basis

---

[2] To the extent the immigration judge or the Board erred by invoking incorrect terminology, that error was harmless. Evidence in the record establishes that both the immigration judge and the Board correctly applied the legal standard for dismissal set forth in 8 C.F.R. § 1239.2(c), and the Board cited the appropriate regulation for dismissal despite using the term "termination." *See generally Matter of Pollon-Rivas*, A098 357 092, 2016 WL 1357925, at *2 (BIA Mar. 21, 2016) (invoking harmless error doctrine where an apparent scrivener's error did not prejudice the respondent).

to affirm the termination, relying solely on "the particular facts and circumstances of [the] case" to support its decision.

As discussed above, however, immigration judges have no inherent authority to terminate removal proceedings even though a particular case may pose sympathetic circumstances. The authority to terminate under 8 C.F.R. § 1239.2(f) is specific and circumscribed. Neither the immigration judge's order nor the Board's opinion in *F-D-B-* evidences any effort to apply that legal standard or cites any other relevant standard. Because the immigration judge did not purport to exercise any specific regulatory or delegated authority to terminate, and no such authority is apparent in the record, her action cannot be sustained on appeal.

There is no question that immigration judges have the authority to dismiss and terminate removal proceedings under the circumstances identified in the regulations.[3] *See* 8 C.F.R. § 1239.2. Immigration judges also possess the authority to terminate removal proceedings where the charges of removability against a respondent have not been sustained. *See* 8 C.F.R. § 1240.12(c); *Sanchez-Herbert*, 26 I&N Dec. at 44 ("If the DHS meets its burden, the [i]mmigration [j]udge should issue an order of removal; if it cannot, the [i]mmigration [j]udge should terminate proceedings."). But the authority to dismiss or terminate proceedings is not a free-floating power an immigration judge may invoke whenever he or she believes that a case no longer merits space on the docket. Rather, 8 C.F.R. § 1239.2 constrains immigration judges' discretion to ensure respect for the jurisdictional scheme set forth by the INA and DHS's role in initiating and prosecuting removal cases.[4] *See Roussis*, 18 I&N Dec. at 258 ("It has long been held that when enforcement officials of the Immigration and Naturalization Service [now DHS] choose to initiate proceedings against an alien and to prosecute those proceedings to a conclusion, the immigration judge is obligated to order deportation if the evidence supports a finding of deportability on the ground charged.").

Accordingly, I hereby affirm the Board's July 23, 2018 decision in *S-O-G-* and vacate the Board's July 18, 2018 decision in *F-D-B-*. I remand *F-D-B-* to the Board with instructions to remand to the immigration judge for further proceedings consistent with this opinion.

---

[3]  There is, however, reason to doubt whether the Board also possesses the authority to terminate removal proceedings pursuant to section 1239.2(f) given the plain text of that regulation. *See* 8 C.F.R. § 1239.2(f) (stating only that "[a]n *immigration judge* may terminate removal proceedings" (emphasis added)). This question is beyond the scope of this opinion, and I do not address it here.

[4]  This decision does not foreclose respondents, in appropriate circumstances, from requesting that DHS file an unopposed motion to dismiss proceedings under 8 C.F.R. § 1239.2(c).