**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JENARO MORALES FLORES, | No. 20-71302 |
| Petitioner, | Agency No. A073-967-288 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 6, 2023[**]
Pasadena, California

Before: BOGGS,[***] IKUTA, and DESAI, Circuit Judges.

Jenaro Morales Flores (Morales Flores) appeals the decision of the Board of

Immigration Appeals (BIA) dismissing his appeal from an Immigration Judge's

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

(IJ) decision denying his motion to reopen proceedings sua sponte to allow him to apply for adjustment of status. Our jurisdiction is governed by 8 U.S.C. § 1252. We lack jurisdiction to review a denial of sua sponte reopening except for "the limited purpose of reviewing the reasoning behind the decision for legal or constitutional error." *Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016).

Morales Flores has forfeited any argument that the BIA committed a legal or constitutional error in denying his motion to reopen as untimely and number barred by failing to raise the issue on appeal. *See Floyd v. Filson*, 949 F.3d 1128, 1138 n.2 (9th Cir. 2020). Nor did the BIA commit a legal or constitutional error in holding that Morales Flores failed to show prima facie eligibility for adjustment of status, because Morales Flores is not an alien "inspected and admitted or paroled into the United States," and so does not meet the threshold requirement for adjustment of status. 8 U.S.C. § 1255(a). Morales Flores's argument that he will be eligible for adjustment of status if he is granted parole in place, which may occur if the BIA reopens his proceedings to allow him to apply for parole-in-place, is speculative, and does not demonstrate prima facie eligibility for relief. *See id.*; *see also Obitz v. Dist. Dir. of INS*, 623 F.2d 1331, 1332 (9th Cir.1980) (en banc).

Finally, the BIA did not commit a legal or constitutional error by failing to provide additional explanation to support its conclusion that Morales Flores was

2

not prima facie eligible for adjustment of status. *See INS v. Abudu*, 485 U.S. 94, 104–05 (1988).

The BIA did commit a legal error, however, in denying Morales Flores's request to terminate his removal proceedings on the ground that he "did not identify a legal basis for termination." In reaching this decision, the BIA relied on *Matter of S-O-G- & F-D-B-*, 27 I. & N. Dec. 462, 463 (A.G. 2018), which held that an IJ could generally terminate removal proceedings only when permitted by the applicable regulations, *see* 8 C.F.R. § 1239.2(c), (f). On November 17, 2022, after the date of the BIA's decision here, the Attorney General overruled *Matter of S-O-G- & F-D-B-*, and instead held that IJ's and the BIA have the discretion to grant termination in limited circumstances that are not identified in the applicable regulations, including when "termination is necessary for the respondent to be eligible to seek immigration relief" before the United States Citizenship and Immigration Services. *Matter of Coronado Acevedo*, 28 I. & N. Dec. 648, 651–52 (A.G. 2022).[1] Because the BIA's denial of Morales Flores's request for termination was "premised on an erroneous legal understanding," *Bonilla*, 840 F.3d at 589, we

---

[1] On January 31, 2023, the government filed an unopposed motion to remand this matter to the BIA in light of this change in the law.

must remand to the BIA "to exercise its discretion against the correct legal framework," *id.* at 592.[2]

**DISMISSED IN PART; VACATED AND REMANDED IN PART.**

_____

[2] Because this disposition resolves Morales Flores's petition for review, we deny the government's request to stay proceedings in this court. The BIA is the appropriate body to grant the government's request for a stay. **Dkt 38**. *See Ramirez Sanchez v. Mukasey*, 508 F.3d 1254, 1256 n.2 (9th Cir. 2007) (per curiam). Each party shall bear its own costs on appeal. We also deny as moot the petitioner's motion for a stay of removal pending appeal. **Dkt 1**.