NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 10 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FELIX ARMANDO COLINDRES-TRUJILLO, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 18-73098 <br><br> Agency No. A098-402-897 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 10, 2023[**]
San Francisco, California

Before: FRIEDLAND, BADE, and KOH, Circuit Judges.

Felix Armando Colindres-Trujillo ("Petitioner"), a native and citizen of El

Salvador, petitions this court for review of the denial by the Board of Immigration

Appeals ("BIA") of his motion to reopen seeking to challenge the underlying

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition in part and vacate and remand in part.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Aguilar Fermin v. Barr*, 958 F.3d 887, 892 (9th Cir. 2020). "A decision is an abuse of discretion if it is 'arbitrary, irrational, or contrary to law.'" *Id.* (quoting *Bonilla v. Lynch*, 840 F.3d 575, 581 (9th Cir. 2016)).

1. A motion to reopen based on changed country conditions requires the movant to:

> (1) produce evidence that conditions have changed in the country of removal, (2) demonstrate that the evidence is material, (3) show that the evidence was not available and would not have been discovered or presented at the previous hearing, and (4) demonstrate that the new evidence, when considered together with the evidence presented at the original hearing, would establish prima facie eligibility for the relief sought.

*Silva v. Garland*, 993 F.3d 705, 718 (9th Cir. 2021) (citing 8 C.F.R. § 1003.2(c)(1)). The BIA did not abuse its discretion in denying Petitioner's motion to reopen because he failed to demonstrate that he is prima facie eligible for relief. "To establish a prima facie case, the movant must adduce evidence that, along with the facts already in the record, 'will support the desired finding if evidence to the contrary is disregarded.'" *Id.* (quoting *Maroufi v. I.N.S.*, 772 F.2d 597, 599 (9th Cir. 1985)). Petitioner supports his motion to reopen with evidence

2

of gang violence in El Salvador. However, this evidence, along with Petitioner's testimony about being kidnapped for ransom, establishes only a fear of generalized violence and crime, which is insufficient to support a finding that Petitioner has a likelihood of persecution or a clear probability of persecution on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010). Similarly, such generalized evidence does not adequately support a finding that, more likely than not, Petitioner would be tortured if returned to El Salvador. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010).

2. The BIA also denied sua sponte reopening. We may review a denial of sua sponte reopening "for the limited purpose of reviewing the reasoning behind the decisions for legal or constitutional error." *Bonilla*, 840 F.3d at 588. In denying sua sponte reopening, the BIA relied on *Matter of S-O-G- & F-D-B-*, 27 I. & N. Dec. 462 (A.G. 2018), for the conclusion that "immigration judges have no inherent authority to terminate or dismiss removal proceedings" and may only terminate or dismiss proceedings for reasons "expressly set out in the relevant regulations or where DHS has failed to sustain the charges of removability." *Id.* at 463. After the date of the BIA's decision, the Attorney General overruled *Matter of S-O-G- & F-D-B-* in its entirety. *See Matter of Coronado Acevedo*, 28 I. & N. Dec. 648, 651 (A.G. 2022). Because the BIA's denial of sua sponte reopening in this case "relied on an incorrect legal premise," we remand to the BIA "so it may

3

exercise its authority against the correct 'legal background.'" *Bonilla*, 840 F.3d at 588.

**DENIED in part; VACATED and REMANDED in part.**