# Matter of L-N-Y-, Respondent

*Decided January 22, 2020*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

In assessing whether to grant an alien's request for a continuance regarding an application for collateral relief, the alien's prima facie eligibility for relief and whether it will materially affect the outcome of proceedings are not dispositive, especially where other factors—including the uncertainty as to when the relief will be approved or become available—weigh against granting a continuance.

FOR RESPONDENT: Khalil J. Khalil, Esquire, Chicago, Illinois

BEFORE: Board Panel: MALPHRUS, Acting Chairman; CREPPY and CASSIDY, Board Members.

MALPHRUS, Acting Chairman:

In a decision dated May 29, 2019, the Immigration Judge denied the respondent's request for a continuance to await the adjudication of his U nonimmigrant visa petition, which is pending before the United States Citizenship and Immigration Services ("USCIS"). The respondent has appealed from this decision. During the pendency of his appeal, the respondent submitted a motion to remand based on an informational letter he received from the USCIS. The respondent's appeal will be dismissed, and his motion to remand will be denied.

## I. FACTUAL AND PROCEDURAL HISTORY

The respondent is a native and citizen of Mexico who entered the United States without being admitted or paroled in 1997. In 2018, he was convicted of attempted possession of a controlled substance under Illinois law.

In January 2019, the Department of Homeland Security ("DHS") detained the respondent and placed him in removal proceedings, charging him with removability under section 212(a)(6)(A)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(6)(A)(i) (2018), as an alien present in the United States without being admitted or paroled, and section 212(a)(2)(A)(i)(II) of the Act, as an alien convicted of a controlled substance violation. The Immigration Judge found that the respondent was removable

as charged under section 212(a)(6)(A)(i) but did not address his removability under section 212(a)(2)(A)(i)(II) of the Act.[1]

At a hearing conducted on March 14, 2019, the respondent informed the Immigration Judge that he planned to file a petition for a U nonimmigrant visa with the USCIS but was waiting for the relevant authorities to send him the required law enforcement certification ("LEC"), certifying that he was helpful to the investigation or prosecution of a criminal incident that transpired in 2009.  The Immigration Judge continued the proceedings to allow the respondent to file an application for relief from removal and to follow up on the status of the U visa petition.

At a hearing conducted on April 17, 2019, the respondent indicated that he would not be pursuing an application for relief, but he noted that he had received the LEC and mailed his petition for a U visa to the USCIS on April 12, 2019.  The respondent then applied for waivers of his inadmissibility pursuant to, among other provisions, section 212(d)(3)(A)(ii) of the Act.  The Immigration Judge set the case for an individual hearing.

At an individual hearing conducted on May 29, 2019, the Immigration Judge granted the respondent's request for waivers of inadmissibility, declined to further continue the proceedings to await the adjudication of his U visa petition, and ordered him removed from the United States.[2]

On appeal, the respondent challenges the Immigration Judge's decision to deny his request for a continuance to await the adjudication of his U visa petition.  While his appeal was pending, the respondent filed a motion to remand the record to the Immigration Court based on an informational letter he received from the USCIS dated September 19, 2019.  In this letter, the USCIS states that, while it appears that the respondent has established his eligibility for U nonimmigrant status, the USCIS cannot grant his petition at this time because the statutory cap for U visas has been reached for the fiscal year, and the USCIS will not grant his petition until new visas become available.  The record reflects that the respondent remains detained.

---

[1]   The respondent's removability is not at issue in this case.

[2]   Neither party has addressed the Immigration Judge's decision to grant a waiver of inadmissibility under 212(d)(3)(A)(ii) of the Act, nor have they raised any issues regarding his authority to do so.  *Compare Baez-Sanchez v. Sessions*, 872 F.3d 854, 855–56 (7th Cir. 2017), *with Matter of Castro-Tum*, 27 I&N Dec. 271, 284 n.6 (A.G. 2018).  Thus, we need not discuss these issues further.

## II. ANALYSIS

### A. Motions for Continuances

An Immigration Judge may in his or her discretion grant a continuance "for good cause shown." 8 C.F.R. § 1003.29 (2019); *see also Matter of L-A-B-R-*, 27 I&N Dec. 405, 405 (A.G. 2018). We have held that in assessing whether there is "good cause" to grant a continuance to await the adjudication of a U visa petition, Immigration Judges should consider several factors, including: "(1) the DHS's response to the motion; (2) whether the underlying visa petition is prima facie approvable; and (3) the reason for the continuance and other procedural factors." *Matter of Sanchez Sosa*, 25 I&N Dec. 807, 813–14 (BIA 2012).

In *Matter of L-A-B-R-*, 27 I&N Dec. at 413, the Attorney General refined this analytical framework, holding that Immigration Judges and this Board must consider and balance "all relevant factors" in assessing whether there is "good cause" to continue proceedings to accommodate a collateral matter before another authority—such as a visa petition before the USCIS. According to the Attorney General, the primary factors we should consider in assessing whether to grant such a continuance are: "(1) the likelihood that the alien will receive the collateral relief, and (2) whether the relief will materially affect the outcome of the removal proceedings." *Id.* However, the Attorney General indicated that we must also consider relevant "secondary factors," which include, but are not limited to, "the [alien's] diligence in seeking collateral relief, [the] DHS's position on the motion for continuance, and concerns of administrative efficiency." *Id.* at 415 (citing *Matter of Hashmi*, 24 I&N Dec. 785, 790, 793 (BIA 2009)).[3] It is also "appropriate to consider the length of the continuance requested, the number of hearings held and continuances granted previously, and the timing of the continuance motion." *Id.* "As with any balancing analysis requiring consideration of multiple factors, [an alien's] strength on certain factors may compensate for a weaker showing on others." *Id.* at 417.

### B. Respondent's Request for Continuance

There is no dispute that the respondent is prima facie eligible for a U visa and that a grant of his visa petition by the USCIS would materially affect the outcome of his removal proceedings. However, in assessing whether to grant an alien's request for a continuance regarding an application for collateral

---

[3] In *Matter of Hashmi*, 24 I&N Dec. at 790, we also stated that whether an alien's application for relief merits a favorable exercise of discretion is relevant to assessing a continuance request. However, this factor is not at issue in this case.

relief, these primary factors are not dispositive. This is especially so where, as here, there are relevant secondary factors that weigh against continuing the proceedings—in particular, the respondent's lack of diligence in pursuing a U visa, the DHS's opposition to a continuance, and concerns regarding administrative efficiency, which include the uncertainty as to when a visa will be approved or become available and the respondent's detained status. *See id.* at 415–17.

The Immigration Judge did not clearly err in finding that the respondent had not exercised due diligence in pursuing a U visa. As noted, the respondent's petition for a U visa is premised on a criminal incident that transpired in 2009—a decade before he filed his petition with the USCIS. The respondent has not shown what specific steps, if any, he took to pursue a U visa between 2009 and the time he filed his petition.

It is significant, moreover, that despite being potentially eligible for a U visa since 2009, the respondent only filed his petition for U nonimmigrant status a month before his removal hearing.[4] Under these circumstances, the respondent's delayed pursuit of a U visa was unreasonable and indicative of a lack of due diligence. *See id.* at 416 (stating that an Immigration Judge should not grant a continuance "where the respondent appears to have unreasonably delayed filing for collateral relief until shortly before [his] hearing"); *cf. Toure v. Barr*, 926 F.3d 403, 409 (7th Cir. 2019) (upholding the denial of a continuance based on an alien's lack of diligence where the alien "was eligible to apply for [a] waiver . . . on December 3, 2014, but he waited until July 11, 2017, just three months before his long-scheduled merits hearing[,]" to apply for it).

With regard to the DHS's position, it opposed the respondent's continuance request below based on his unreasonable delay in petitioning for a U visa. It additionally argued that it will take a considerable amount of time for the USCIS to adjudicate his petition.

"An immigration judge should also consider administrative efficiency in deciding whether to grant a continuance, since at bottom, continuances are themselves intended to promote efficient case management." *Matter of L-A-B-R-*, 27 I&N Dec. at 416. Neither party provided the Immigration Judge with an estimated processing time for the adjudication of the respondent's visa petition before the USCIS. *See Matter of Castro-Tum*, 27 I&N Dec. 271, 287 (BIA 2018) (providing that an Immigration Judge may

---

[4] Counsel asserts on appeal that the respondent was not aware of the availability of U nonimmigrant status until he consulted with counsel. There is no basis in the testimony or evidence in the record for that assertion, which, in any case, is insufficient by itself to establish that the respondent exercised due diligence in pursuing a U visa. *See Matter of Ramirez-Sanchez*, 17 I&N Dec. 503, 506 (BIA 1980) ("Counsel's arguments are not evidence . . . .").

only grant "a reasonable adjournment" (quoting 8 C.F.R. § 1240.6 (2018))). The respondent is therefore requesting a continuance for an unknown and potentially lengthy period of time. As noted, moreover, the USCIS has informed the respondent that the statutory cap for U visas has been reached and they will not grant his petition until new visas become available. It is uncertain when this will occur. *Cf. Matter of L-A-B-R-*, 27 I&N Dec. at 418 ("[G]ood cause does not exist if the alien's visa priority date [when the visa will actually become available] is too remote to raise the prospect of [collateral relief] above the speculative level.").

Consistent with the Attorney General's directive to "consider administrative efficiency" in assessing whether there is "good cause" for a continuance regarding collateral relief, Immigration Judges should also consider an alien's detained status. *Id.* at 416. The Immigration Courts and the Board expedite the adjudication of cases involving detained aliens, recognizing the liberty interest of detained aliens and the interest of the Government to reasonably limit the expense of detention. *See Immigration Court Practice Manual*, § 9.1(e), at 130 (Sept. 26, 2019) ("Proceedings for detained aliens are expedited."); *see also Board of Immigration Appeals Practice Manual*, § 4.7(a)(ii), at 64 (Sept. 23, 2019) (providing expedited briefing deadlines for detained cases); *cf. Matter of Quintero*, 18 I&N Dec. 348, 350 (BIA 1982) (observing that Immigration Judges have a "duty" to resolve immigration proceedings "in an expeditious manner"). Thus, Immigration Judges should consider whether an alien is detained in determining the length and number of continuances that are appropriate. Granting an indeterminate continuance greatly impacts administrative efficiency in a typical case, but particularly where, as here, the alien is detained.

Considering and balancing the relevant primary and secondary factors in this case, we agree with the Immigration Judge that there was no "good cause" to continue the respondent's proceedings to further await the adjudication of his U nonimmigrant visa petition. 8 C.F.R. § 1003.29. Specifically, we have considered the respondent's lack of diligence, the DHS's opposition, and the concerns of administrative efficiency in this case, which include the speculative and indefinite nature of his continuance request, given the uncertainty as to when a U visa will be approved or become available, and the respondent's detained status. We conclude that these factors outweigh the respondent's prima facie eligibility for a U visa and the impact that the approval of his visa may have on proceedings. The respondent has not otherwise argued or demonstrated that his request for a

continuance is "for a reasonable period of time." *Matter of Sanchez Sosa*, 25 I&N Dec. at 815.[5]

## C.  Due Process

"In order to establish a denial of the right to due process, [the respondent] must show that he was prejudiced by the [Immigration Judge's] actions." *Souley v. Holder*, 779 F.3d 720, 724 (7th Cir. 2015) (per curiam).  The Immigration Judge's decision to deny the respondent's request for a continuance did not "cause[] him actual prejudice and harm [or] materially affect[] the outcome of his case." *Matter of Villarreal-Zuniga*, 23 I&N Dec. 886, 891 (BIA 2006).  It is undisputed that the USCIS has yet to approve the respondent's U visa petition.[6]  Moreover, as the Immigration Judge noted, the respondent may continue to pursue his U visa, even after he is removed. *See* 8 C.F.R. § 214.14(c)(1)(ii), (5)(i)(B) (2019).[7]

The Immigration Judge's written revisions to the transcript of his oral decision also did not prejudice the respondent.  These revisions are minor, mostly grammatical, edits that do not impact the substance of the Immigration Judge's decision.  The inaccuracies that the respondent alleges

---

[5]  The respondent argues that his removal proceedings should be terminated.  However, we agree with the Immigration Judge's decision not to terminate these proceedings. *See Matter of Sanchez-Herbert*, 26 I&N Dec. 43, 45 (BIA 2012) (stating that an Immigration Judge may terminate proceedings in "specific circumstances consistent with the law and applicable regulations").  The parties may file a joint motion to terminate these proceedings without prejudice pursuant to 8 C.F.R. § 214.14(c)(1)(i) (2019). *Matter of Sanchez Sosa*, 25 I&N Dec. at 812 n.5.

[6]  Because the informational letter submitted on appeal reflects that the USCIS has not approved the respondent's visa petition, it is unlikely that it would change the Immigration Judge's decision to deny a continuance.  Accordingly, this letter does not warrant remand. *See Matter of L-A-C-*, 26 I&N Dec. 516, 526 (BIA 2015) ("A motion to remand for the purpose of presenting additional evidence . . . will only be granted if the evidence . . . would likely change the result in the case.").  Finally, to the extent that the respondent argues that remand would permit him to seek a redetermination of his custody status, it is well established that bond proceedings are "separate and apart from, and shall form no part of, any . . . removal hearing or proceeding."  8 C.F.R. § 1003.19(d) (2019).

[7]  The USCIS provides instructions on its website regarding the process for applying for a U visa from "outside the United States."  USCIS, *Victims of Criminal Activity: U Nonimmigrant Status*, https://www.uscis.gov/humanitarian/victims-human-trafficking-other-crimes/victims-criminal-activity-u-nonimmigrant-status (June 12, 2018) (follow "U nonimmigrant status" hyperlink; then follow "Applying for U Nonimmigrant Status (U Visa)" hyperlink); *see also* U.S. Dep't of State, *Visas for Victims of Criminal Activity*, https://travel.state.gov/content/travel/en/us-visas/other-visa-categories.html (follow "Visas for Victims of Criminal Activity" hyperlink; then follow "What is the difference between U nonimmigrant status and U nonimmigrant visa?" hyperlink) (last visited Jan. 15, 2020) (providing same for applicants who are "overseas").

are in the Immigration Judge's decision also do not materially impact the outcome of this case.  Finally, the respondent's assertion that he was deprived of "meaningful appeal" because of unidentified "transcription errors" is without merit.  Accordingly, the respondent's appeal will be dismissed and his motion to remand will be denied.

   **ORDER:**  The appeal is dismissed.

   **FURTHER ORDER:**  The motion to remand is denied.