NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 20-3543

———

EDYN DUARTE-FOLGAR,
                            Petitioner

v.

ATTORNEY GENERAL OF THE  UNITED STATES OF AMERICA

———

On Petition for Review of a Final Order
Of the Board of Immigration Appeals
(BIA-1: A205-986-669)
Immigration Judge: Steven A. Morley

———

Submitted Under Third Circuit L.A.R. 34.1(a)
September 27, 2021

Before: AMBRO, KRAUSE, and BIBAS, Circuit Judges

(Opinion filed: September 30, 2021)

———

OPINION[*]

AMBRO, Circuit Judge

An Immigration Judge (IJ) determined that Edyn Duarte-Folgar was ineligible for cancellation of removal, denied his request for a continuance, and ordered him removed to his home country of Guatemala. While his appeal was pending before the Board of Immigration Appeals, we issued *Guadalupe v. Att'y Gen.*, 951 F.3d 161 (3d Cir. 2020), which bears on his eligibility for cancellation of removal. Duarte-Folgar requested the Board reverse the IJ's decision to deny him cancellation of removal and remand his case to the IJ to consider this intervening case law. But the Board instead merely affirmed the IJ's decision to deny a continuance. Because we conclude that decision was inadequate, we grant the petition for review and remand for the Board to reconsider its ruling and explain its reasoning.

**I.**

Duarte-Folgar entered the United States without inspection in 2003 and was placed in removal proceedings in 2013, just months shy of the ten years of continuous residency required for cancellation-of-removal consideration. *See* 8 USC § 1229b(b)(1)(A). Before his departure date, the Supreme Court decided *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), which held that a notice to appear omitting the date and time of the hearing is defective and thus fails to stop the clock for an immigrant's continuous-residency period. Because

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Duarte-Folgar's initial notice was defective, he sought an additional continuance before the IJ to apply for cancellation of removal, arguing that he had now accrued the necessary ten years of physical presence. But the IJ read *Pereira* differently, concluding the defect in Duarte-Folgar's notice to appear was quickly cured by his hearing notice. The IJ also noted that the only evidence of hardship to a U.S. citizen relative (required for cancellation) that Duarte-Folgar had provided was his son's birth certificate. The IJ thus denied the motion for a continuance, pretermitted (*i.e.*, summarily denied) the application for cancellation of removal, and ordered Duarte-Folgar removed to Guatemala. On appeal, the Board affirmed, and he now petitions for our review.

## II.

On the record before us, the Board's decision does not adequately address the issues presented by Duarte-Folgar. In his brief to it, he argued that, "in light of *Guadalupe*, the IJ's decision to pretermit [his application for cancellation of removal] was erroneous[,] and accordingly this matter should be remanded for consideration of [his application,] including an evidentiary hearing." A.R. at 13. But the Board inexplicably construed Duarte-Folgar as appealing only "from the portion of the [IJ's] November 5, 2018, decision denying his motion for a continuance to apply for cancellation of removal." *Id.* at 3.[1] Nowhere in its opinion is there a discussion of the IJ's decision to pretermit Duarte-

---

[1] Despite its focus on the continuance, the Government concedes that the Board's decision operates as a final order of removal for purposes of our jurisdiction. *See* A.R. at 19; Gov't's Br. at 1–2. And further, we retain jurisdiction to review for abuse of discretion the Board's denial of a continuance because that discretion is not reserved to the Attorney General by statute. *Khan v. Att'y Gen.*, 448 F.3d 226, 230, 233 (3d Cir. 2006).

3

Folgar's application nor his request for a remand. *See Tipu v. I.N.S.*, 20 F.3d 580, 586 (3d Cir. 1993) (remanding where "the Board failed to consider one of the factors in Tipu's favor"); *Awolesi v. Ashcroft*, 341 F.3d 227, 233 (3d Cir. 2003) ("In order for us to be able to give meaningful review to the BIA's decision, we must have some insight into its reasoning.").

We recognize that evidence of exceptional and extremely unusual hardship to the U.S. citizen son of Duarte-Folgar is required for him ultimately to obtain cancellation of removal, s*ee* 8 U.S.C. § 1229b(b)(1)(D), and it is within the Board's discretion to consider, along with other factors, whether he has established a *prima facie* case of cancellation of removal when ruling on his request for a continuance. *See Matter of L-N-Y*, 27 I. & N. Dec. 755, 757-58 (BIA 2020). But a lack of hardship evidence in the record before us is not a sufficient reason to affirm, as the Board explicitly invoked this rationale only to justify the denial of a continuance. *See I.N.S. v. Orlando Ventura*, 537 U.S. 12, 16 (2002) ("Generally speaking, a court of appeals should remand a case to an agency for decision of a matter that statutes place primarily in agency hands."). And with the IJ's reasons for summarily denying Duarte-Folgar's application at least partially abrogated by *Guadalupe*, the Board may yet determine that it is appropriate to remand to the IJ or supplement the record, especially as this is a case where the need to collect and produce this evidence was not apparent until a recent change in the doctrine. *See id.* at 18 (noting as further justification for an agency remand that it could lead to the presentation of further evidence")

\*   \*   \*   \*   \*

The opinion before us is not sufficient to justify the Board's decision. We thus grant the petition for review and remand to the Board for it to consider explicitly Duarte-Folgar's argument that the IJ's decision to pretermit his application for cancellation of removal should be reversed and remanded in light of *Guadalupe* and/or to allow him to submit evidence of the hardship to his son if Duarte-Folgar is removed.