[DO NOT PUBLISH]

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 21-11003

Non-Argument Calendar

_____

PIYUSHKUMAR PATEL,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A208-789-014

_____

Before WILSON, JORDAN, and NEWSOM, Circuit Judges.

PER CURIAM:

Piyushkumar Patel petitions us for review of the Board of Immigration Appeals' (BIA) order affirming the Immigration Judge's (IJ) decision denying his application for cancellation of removal and his request for a continuance pending the adjudication of his application for U nonimmigrant status (U visa application) by United States Citizenship and Immigration Services (USCIS). We will address each of these decisions in turn.

## I.

Patel, a citizen of India, was admitted to the United States on a temporary visitor visa in 2003, which authorized him to remain in the United States until 2004. In 2020, the Department of Homeland Security served Patel with a notice to appear, alleging that he was removable because he had remained in the United States after the expiration of his visa without authorization and because, in February 2017, he had been convicted of an aggravated assault.

Patel moved for the IJ to continue his removal proceedings, pending the outcome of his U visa application filed with USCIS, arguing that the IJ was required to continue the case until USCIS adjudicated that application. The IJ denied this motion, finding that Patel had not demonstrated good cause for a continuance. Patel then applied for cancellation of removal and adjustment of

status, claiming that his children would suffer exceptional and extremely unusual hardship if he was returned to India. The IJ denied this application for cancellation of removal. In particular, the IJ found that Patel's aggravated assault conviction was a crime involving moral turpitude. Even if this conviction did not constitute a disqualifying crime involving moral turpitude, the IJ noted that Patel failed to show his family would suffer exceptional and extremely unusual hardship if he were removed from the United States. The BIA affirmed on both the denial of cancellation and the denial of the continuance. Regarding the denial of cancellation, the BIA adopted the IJ's decision on the ground that Patel did not show the requisite hardship. Regarding the denial of the continuance, the BIA agreed with the IJ that Patel failed to establish good cause. Following entry of an order to this effect, Patel timely appealed.

## II.

Patel argues that the IJ erred in denying his application for cancellation of removal because his *Alford* plea[1] to aggravated assault in 2017 in Georgia state court did not constitute a "conviction" under the Immigration and Nationality Act (INA), 8 U.S.C. § 1101(a)(48)(A). He specifically contends that his plea is outside the scope of the INA's definition of "conviction" because (1) he did

---

[1] *North Carolina v. Alford*, 400 U.S. 25, 37 (1970) (holding that an individual may "consent to the imposition of a prison sentence" despite maintaining that he is innocent of the charged crime).

not concede guilt, and (2) he has not been adjudicated guilty by a court under Georgia's First Offender Act, O.C.G.A § 42-6-60.

However, we cannot consider Patel's argument because we cannot review the IJ's decision that Patel was convicted of a disqualifying offense. Under our precedent, we only review the BIA's decision, "except to the extent that BIA expressly adopts the [IJ's] decision." *Jeune v. U.S. Att'y Gen.*, 810 F.3d 792, 799 (11th Cir. 2016). Here, the BIA adopted the IJ's decision, but "only with respect to the [IJ's]determination that [Patel] did not demonstrate the requisite hardship to a qualifying relative for purposes of cancellation of removal."[2] The BIA did not address the IJ's other reasons for denying Patel's cancellation of removal application, including his conviction. Therefore, we lack jurisdiction to review the IJ's decision regarding Patel's conviction because the BIA did not expressly adopt the IJ's decision on that issue. Accordingly, we dismiss Patel's petition in this respect

## III.

Patel also argues that the IJ abused its discretion in denying his motion to continue removal proceedings pending USCIS's

---

[2] The relevant statute provides that the Attorney General may cancel removal of an undocumented immigrant who: (1) has been physically present in the United States for a continuous period of at least 10 years; (2) has been a person of good moral character; (3) has not been convicted of a disqualifying offense; and (4) establishes that removal would result in exceptional and extremely unusual hardship to a qualifying family member. 8 U.S.C. § 1229b(b)(1)(A)–(D); *see also Martinez v. U.S. Att'y Gen.*, 446 F.3d 1219, 1221 (11th Cir. 2006).

adjudication of his U visa application, because he showed good cause for the continuance. He asserts that, instead of analyzing all the factors set out by the BIA in *Matter of Sanchez Sosa*, 25 I&N Dec. 807 (BIA 2012), for analyzing good cause for a continuance, the IJ focused solely on one factor—the fact that the government opposed the continuance. He argues that the remaining two factors—whether the U visa application was prima facie approvable and "the reason for the continuance and other procedural factors"—weighed in his favor and should have been included in the IJ's analysis. *Id.* at 812–13.

As a threshold matter, we have jurisdiction to review Patel's argument in this respect. Generally, we do not have jurisdiction to review "any judgment regarding the granting of relief under section . . . 1229b." 8 U.S.C. § 1252(a)(2)(B)(i). However, an exception to this general rule is that we do have jurisdiction to review "constitutional claims or questions of law." *Id.* § 1252(a)(2)(D). The Supreme Court has held that "questions of law" can include "the application of a legal standard to undisputed or established facts." *Guerrero-Lasprilla v. Barr*, 140 S. Ct. 1062, 1068 (2020). Because Patel argues that the BIA and IJ applied the wrong standard of law, we have jurisdiction to review this issue. Furthermore, although the BIA did not expressly adopt the IJ's reasoning on this issue in full, it "agree[d] with the [IJ's] conclusion that [Patel] did not establish good-cause for a continuance" and relied on several of the IJ's findings. Accordingly, we will consider both the BIA's decision and

the IJ's findings, to the extent that the BIA relied on them. *See Jeune*, 810 F.3d at 799.

We review the decision to deny a motion for a continuance for abuse of discretion. *Haswanee v. U.S. Att'y Gen.*, 471 F.3d 1212, 1214 (11th Cir. 2006) (per curiam). In this context, abuse of discretion review is limited to determining whether the exercise of administrative discretion was arbitrary or capricious. *Lapaix v. U.S. Att'y Gen.*, 605 F.3d 1138, 1145 (11th Cir. 2010) (per curiam). The movant "bears the burden of establishing good cause for a continuance" before the IJ. *Matter of L-A-B-R-*, 27 I&N Dec. 405, 415 (A.G. 2018).

We conclude that the IJ and the BIA did not abuse their discretion in denying Patel's motion for a continuance. Although Patel argues that the IJ did not properly consider all of the factors set out in *Matter of Sanchez Sosa*, the Attorney General later refined the analysis for a continuance in *Matter of L-A-B-R-* to focus principally on (1) the likelihood that the litigant will receive collateral relief, and (2) whether the relief will materially affect the outcome of the removal proceedings. *Id.* at 413; *see also Matter of L-N-Y-*, 27 I&N Dec. 755, 757 (BIA 2020) (describing *Matter of L-A-B-R-* as having "refined" the analytical framework established in *Matter of Sanchez Sosa*).

Here, the IJ and the BIA found that Patel failed to demonstrate that his U visa application was likely to be approved. The only evidence Patel filed in support of his motion for a continuance was a receipt from USCIS acknowledging the filing of his U visa

21-11003                Opinion of the Court                7

application.  But without more information, the BIA and the IJ had no basis to determine whether the grant of that application was likely.  *See L-A-B-R-*, 27 I&N Dec. at 413.  Therefore, we find that the BIA's decision to affirm the IJ's denial of a continuance was not arbitrary and capricious, and thus the agency did not abuse its discretion.  Accordingly, we deny the petition in this respect.

PETITION DISMISSED IN PART AND DENIED IN PART.