**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ESTHELA CASTILLO GARCIA; et al., | No. 19-72813 |
| Petitioners, | Agency Nos. A206-271-727 |
| v. | A206-271-728 |
| | A206-271-729 |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 7, 2023**
San Francisco, California

Before: HAWKINS, S.R. THOMAS, and McKEOWN, Circuit Judges.

Esthela Castillo Garcia and her two minor children, natives and citizens of

Mexico, petition pro se for review of the Board of Immigration Appeals' ("BIA")

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

order dismissing their appeal from an immigration judge's ("IJ") decision denying their motion to continue and Ms. Castillo Garcia's applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. Where, as here, the BIA conducts its own review of the evidence and law but also expressly adopts the IJ's opinion, we review both the IJ and BIA decisions. *Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006). We review for abuse of discretion the agency's decision to deny a continuance. *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009). Because the parties are familiar with the factual background, we need not recount it here. We deny in part and dismiss in part the petition for review.

I

The agency did not abuse its discretion in denying Petitioners' motion to continue, where the agency assumed Ms. Castillo Garcia's prima facie eligibility for a U visa in determining that no good cause existed for a continuance. *See* 8 C.F.R. § 1003.29 (stating that an IJ "may grant a motion for continuance for good cause shown"); *Ahmed*, 569 F.3d at 1012 (setting out the factors to consider in a good-cause analysis); *Matter of L-N-Y-*, 27 I. & N. Dec. 755, 757–58 (B.I.A. 2020) (holding that prima facie eligibility for a U visa is not dispositive of good cause, particularly where there are "relevant secondary factors that weigh against

2

continuing the proceedings").

## II

Petitioners' counseled brief to the BIA did not challenge the IJ's determination that Petitioners failed to establish that the government of Mexico is unable or unwilling to control the persecutors. This issue is determinative of Petitioners' asylum and withholding claims. *See Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1062 (9th Cir. 2017) (en banc) (asylum); *Reyes-Reyes v. Ashcroft*, 384 F.3d 782, 788 (9th Cir. 2004) (withholding of removal). Because the issue was not administratively exhausted, we lack jurisdiction over the issue. *See* 8 U.S.C. § 1252(d)(1); *Bare v. Barr*, 975 F.3d 952, 960 (9th Cir. 2020) (holding that this Court lacks jurisdiction to review non-constitutional claims that could have first been presented to the BIA); *Zara v. Ashcroft*, 383 F.3d 927, 930 (9th Cir. 2004) ("A petitioner cannot satisfy the exhaustion requirement by making a general challenge to the IJ's decision, but, rather, must specify which issues form the basis of the appeal.").

## III

Petitioners' counseled brief to the BIA did not challenge the IJ's determination that Ms. Castillo Garcia failed to show that it is more likely than not that she would be tortured by or with the consent or acquiescence of the

3

government of Mexico.  Thus, we also lack jurisdiction over the CAT claim.  *See* 8 U.S.C. § 1252(d)(1); *Bare*, 975 F.3d at 960.


IV

We do not reach Petitioners' claims regarding the agency's adverse-credibility determination because this case can be resolved based on Petitioners' failure to raise the above dispositive issues to the BIA.  *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004).


**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

4