NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 26 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

ALFREDO SANTOS-BAUTISTA,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 21-744

Agency No.
A201-945-296

MEMORANDUM[*]

---

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 17, 2023[**]
San Francisco, California

Before: WARDLAW and M. SMITH, Circuit Judges, and RAYES,[***] District Judge.

Alfredo Santos-Bautista (Santos) appeals from a Board of Immigration

Appeals (BIA) decision dismissing his appeal of an Immigration Judge's (IJ's)

denial of motions to continue and/or administratively close proceedings. As the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Douglas L. Rayes, United States District Judge for the District of Arizona, sitting by designation.

parties are familiar with the facts, we do not recount them here. We grant in part and deny in part the petition for review, and remand to the BIA with instructions to adjudicate Santos's motion for administrative closure.

1. Santos was not required to exhaust his administrative closure claim. We recognize an "exception[] to the exhaustion requirement" where a noncitizen raises a "legal issue[] based on events that occur *after* briefing to the BIA has been completed." *Alcaraz v. INS*, 384 F.3d 1150, 1158 (9th Cir. 2004). Briefing in Santos's appeal concluded on July 14, 2021. Just one day later, the Attorney General vacated a decision that stripped IJs and the BIA of authority to administratively close cases, *see Matter of Castro-Tum*, 27 I. & N. Dec. 271, 272 (AG 2018), and restored the agency's prior guidelines for adjudicating such requests. *See Matter of Cruz-Valdez*, 28 I. & N. Dec. 326, 329 (AG 2021) (vacating *Castro-Tum*).

Santos's motion for administrative closure became viable only after the Attorney General issued *Cruz-Valdez*. The government concedes that, had Santos raised his administrative closure claim to the BIA, the agency would have denied the motion, consistent with then-controlling BIA precedent. Santos seeks a remedy based on a "*legal issue* that . . . could not be briefed on [his] direct appeal to the BIA" due to a change in agency policy that occurred "*after* the date when [Santos] w[as] required to submit [his] briefs to the BIA." *Alcaraz*, 384 F.3d at 1159. Accordingly, Santos was not statutorily required to exhaust his claim. For the same reasons, we also reject the government's

2                                                                                          21-744

argument that prudential exhaustion requirements should be imposed in this case. *See id*.

2. We are not persuaded that remand to the agency to reconsider Santos's motion for administrative closure would be futile. "Ordinarily, where both the IJ and BIA erred by not independently reviewing [a petitioner's] administrative closure request, remand would be the appropriate remedy." *Gonzalez-Caraveo v. Sessions*, 882 F.3d 885, 893 (9th Cir. 2018). Neither the IJ nor BIA gave reasons—verbal or written—for denying Santos's motion. On appeal, the government gestures at statements in the BIA's decision that pertain to the administrative-closure factors set forth in *Matter of Avetisyan*, 25 I. & N. Dec. 688 (BIA 2012) and which could support the agency's denial of the motion. But the government's post-hoc rationalization in litigation is no substitute for agency adjudication in the first instance. *See generally Vermont Yankee Nuclear Power Corp. v. Nat. Res. Def. Council, Inc.*, 435 U.S. 519, 549 (1978) (stating well-established principle that judicial review of agency decision is limited to the "contemporaneous explanation of the agency decision").

We conclude that Santos was not required to exhaust his administrative closure claim and that remand would not be futile. Accordingly, as the government concedes in its briefing, remand "is required for the [BIA] to consider Santos's request for administrative closure in the first instance."

3. The BIA did not abuse its discretion in denying Santos's motion to continue. In adjudicating Santos's motion, the agency weighed factors set forth

3

in *Matter of Sanchez Sosa*, 25 I. & N. Dec. 807 (BIA 2012) and *Matter of L-N-Y-*, 27 I. & N. Dec. 755 (BIA 2020). Santos argues that the agency erred by failing to address "primary" factors—specifically, whether Santos is prima facie eligible for a U-visa, and whether a grant of relief would "materially impact" proceedings. *L-N-Y-*, 27 I. & N. Dec. at 757. But the BIA arguably addressed such primary factors in its disposition, and clearly weighed secondary factors that counsel against granting a continuance, including the Department of Homeland Security's position on the motion, the number of prior continuances granted, and administrative efficiency concerns. As such, the BIA did not act "arbitrarily, irrationally, or contrary to law" in denying Santos's motion. *Hernandez-Velasquez v. Holder*, 611 F.3d 1073, 1077 (9th Cir. 2010) (cleaned up).

**PETITION GRANTED and REMANDED in part and DENIED in part.**