**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 14-2154

AMIT YADAV,

Petitioner,

v.

LORETTA E. LYNCH,
Attorney General of the United States,[*]

Respondent.

---

PETITION FOR REVIEW OF AN ORDER
OF THE BOARD OF IMMIGRATION APPEALS

---

Before
Howard, Chief Judge,
Torruella and Thompson, Circuit Judges.

---

José A. Vázquez and Ferreira & Vázquez on brief for petitioner.

Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Civil Division, Cindy S. Ferrier, Assistant Director, Office of Immigration Litigation, and Brendan P. Hogan, Attorney, Office of Immigration Litigation, United States Department of Justice, on brief for respondent.

---

October 9, 2015

---

[*] We substitute Loretta E. Lynch for her predecessor, Eric H. Holder, Jr., as Attorney General of the United States. See Fed. R. App. P. 43(c)(2).

**THOMPSON**, **Circuit Judge**.  Amit Yadav — Nepalese citizen and native — applied for asylum, withholding of removal, and protection under the Convention against Torture ("CAT").  Finding his testimony not credible (among other things), an immigration judge ("IJ") denied Yadav's application and ordered him removed to Nepal.  The Board of Immigration Appeals ("BIA") affirmed.  And this petition for judicial review followed.[1]

We start by clarifying what is <u>not</u> in play.  Yadav does not challenge the asylum denial.  So we say no more about that subject.  He does suggest — in the parts of his brief labeled "summary of the argument" and "conclusion" — that the agency wrongly denied him CAT relief.  To get CAT relief he had to prove that if repatriated, the Nepalese government would more likely than not torture him or acquiesce in his torture by others.  <u>See</u>, <u>e.g.</u>, <u>Mendez-Barrera</u> v. <u>Holder</u>, 602 F.3d 21, 27-28 (1st Cir. 2010).  The problem here is that he makes no argument in that direction — indeed his brief's "argument" section focuses only on the denial of withholding of removal (which we discuss next).  Consequently any CAT argument that he might have had is waived.  <u>See</u>, <u>e.g.</u>,

---

[1] Because the BIA "affirmed the IJ's ruling while discuss[ing] some of the bases for the IJ's opinion, we review both the IJ's and BIA's opinions."  <u>Costa</u> v. <u>Holder</u>, 733 F.3d 13, 16 (1st Cir. 2013) (alteration in original) (internal quotation marks omitted).

Thapaliya v. Holder, 750 F.3d 56, 58 n.1 (1st Cir. 2014); United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990).

Now on to what is in play — Yadav's withholding-of-removal claim, a claim that requires him to show that he faces "a clear probability" of danger to his life or liberty in Nepal "on account of [his] race, religion, nationality, membership in a particular social group, or political opinion," a/k/a, the five statutorily protected grounds. See Arévalo-Girón v. Holder, 667 F.3d 79, 82 (1st Cir. 2012) (adding that a person can do this by "show[ing] either that [he] has suffered past persecution (giving rise to a rebuttable presumption of future persecution) or that, upon repatriation, a likelihood of future persecution independently exists"). Additionally, for his petition to succeed (which is subject to the REAL ID Act) he must show that a protected ground was a "central reason" for his rough treatment, not just an "incidental, tangential, superficial, or subordinate" reason. Singh v. Mukasey, 543 F.3d 1, 5 (1st Cir. 2008) (quoting In re J–B–N– & S–M–, 24 I. & N. Dec. 208, 214 (BIA 2007)); see also 8 U.S.C. § 1158(b)(1)(B)(i). And critically, he must also show that the agency's decision denying withholding lacks "substantial evidence," see Touch v. Holder, 568 F.3d 32, 38 (1st Cir. 2009) — in other words, he "must persuade us that the record evidence would compel" (repeat, "compel") a sensible "factfinder to make a

contrary determination," see Segran v. Mukasey, 511 F.3d 1, 6 (1st Cir. 2007) (internal quotation marks omitted). This is a weighty burden that he fails to carry. See id.

The parties spar a bit over the agency's adverse-credibility finding — the agency got it wrong, Yadav says; hardly, the Attorney General fires back. But we need not pursue the point because Yadav's withholding request fails for another reason.

Yadav pins his reversal hopes on his testimony describing how anti-government rebels persecuted him and some of his relatives — e.g., by (a) sending Yadav's family letters demanding that his father (a government employee) give them money and that the Yadav brothers join their cause (Yadav has two brothers), on pain of "physical action"; (b) kidnapping and torturing Yadav until his father paid a hefty ransom; and (c) bombing his family home in Nepal. This is persecution based on his political opinion and ethnicity — or at least that is how Yadav sees it.

The difficulty for Yadav, though, is that after a firsthand review of the evidence, the IJ found — and the BIA affirmed — that the rebels primarily did what they did to extort cash and recruits from the Yadavs. So the IJ concluded — and the BIA again affirmed — that Yadav did not prove that a protected ground was a "central reason" for the mistreatment. Yet Yadav's

- 4 -

brief never mentions — let alone takes on — this all-important extortion finding.  Also problematic, his brief never explains how the record — thick as it is (as he himself admits) with the rebels' demands for money and efforts to dragoon the Yadav brothers into their group — compels a conclusion that his ethnicity or political opinion was a "central reason" for the persecution, cf. INS v. Elias-Zacarias, 502 U.S. 478, 481 n.1 (1992) (stressing that to reverse an agency finding "we must find that the evidence not only supports that conclusion, but compels it"); indeed, his brief nowhere mentions — let alone grapples with — the critical "central reason" concept.  Ultimately, then, his withholding claim collapses because he has not forged the requisite link between the mistreatment and a statutorily protected ground.  See, e.g., Singh, 543 F.3d at 6-7 (concluding that petitioner did not show that a statutorily protected ground was a central reason for the harm, given that sufficient evidence showed that the attack against him "was prompted primarily by economic motivations"); Tobon-Marin v. Mukasey, 512 F.3d 28, 31-32 (1st Cir. 2008) (concluding petitioners failed to show that they were persecuted "on account of" a statutorily protected ground, given that that the agency supportably found that guerillas "likely targeted [them] simply because they were able-bodied young boys" and wanted them to fill the group's ranks); see also Elias-Zacarias, 502 U.S. at 482-83

(stressing that "the mere existence of a generalized 'political' motive underlying the guerrillas' forced recruitment is inadequate to establish . . . the proposition that [the petitioner] fears persecution <u>on account of</u> political opinion," adding that guerrillas may inflict pain not because of the victim's politics but "because of his refusal to fight with them").

**<u>Petition for review denied</u>**.