# Matter of Amit YADAV, Respondent

*Decided February 5, 2026*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

A respondent's valid marriage to a United States citizen entered into after a removal order does not constitute an exceptional situation warranting sua sponte reopening of removal proceedings.

FOR THE RESPONDENT: Jose A. Vazquez, Esquire, Mashpee, Massachusetts

BEFORE: Board Panel: MALPHRUS, Chief Appellate Immigration Judge; CREPPY, Appellate Immigration Judge; MCCLOSKEY, Temporary Appellate Immigration Judge.

MALPHRUS, Chief Appellate Immigration Judge:

The Board entered the final administrative order in these proceedings on October 7, 2014, when we dismissed the respondent's appeal of the Immigration Judge's January 16, 2013, decision denying his applications for relief and ordering him removed from the United States. More than 10 years after our decision, the respondent filed a motion to reopen to apply for adjustment of status based on his 2017 marriage to his United States citizen wife and United States Citizenship and Immigration Services' ("USCIS") 2020 approval of a Petition for Alien Relative (Form I-130) filed on his behalf. The respondent does not allege that his motion falls within an exception to the 90-day deadline on motions to reopen. Section 240(c)(7)(C) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1229a(c)(7)(C) (2024); 8 C.F.R. § 1003.2(c)(2) (2025). Instead, the respondent asks the Board to exercise our discretionary authority to reopen his case sua sponte in the interest of justice.

The Board has the authority at any time to reopen or reconsider on our own motion any case in which we have rendered a decision. 8 C.F.R. § 1003.2(a) (2025). Our use of this discretionary authority is often requested when an alien does not qualify for any of the specific avenues for reopening provided by statute or regulation. *See* INA 240(c)(7), 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(c). However, we have long held that our exercise of this authority is limited to exceptional circumstances and is not meant to cure filing defects or circumvent the regulations, where enforcing them might result in hardship. *Matter of J-J-*, 21 I&N Dec. 976, 984 (BIA 1997). "It would be inappropriate to expansively employ this authority in a manner that

contravened the intentions of Congress or failed to give effect to the comprehensive regulatory structure in which it exists." *Matter of G-D-*, 22 I&N Dec. 1132, 1134 (BIA 1999).

"There is an important public interest in the finality of immigration proceedings." *Matter of B-N-K-*, 29 I&N Dec. 96, 99 (BIA 2025) (citation omitted). The laws passed by Congress limiting motions to reopen, and the regulations implementing those laws, "are meant to bring finality to immigration proceedings and to redress the problem of abuses resulting from the filing of successive or frivolous motions." *Matter of J-J-*, 21 I&N Dec. at 984. An expansive use of our sua sponte authority "would substantially erode the regulatory time and number limitations and undermine the goal of finality that we understand Congress sought to achieve." *Matter of G-D-*, 22 I&N Dec. at 1135. Our administrative role in the immigration system, which is to faithfully apply the laws and regulations, cautions us to exercise this authority sparingly and only as an "extraordinary remedy reserved for truly exceptional situations." *Id*. at 1133–34.

A motion to reopen sua sponte that is based on equities acquired while remaining illegally in the United States after being ordered removed generally does not establish a truly exceptional situation. *Matter of H-Y-Z-*, 28 I&N Dec. 156, 161 (BIA 2020). Reopening proceedings based on equities accrued during "[t]he continued presence of an alien lawfully deemed removable" rewards a "continuing violation of United States law." *Nken v. Holder*, 556 U.S. 418, 436 (2009) (citation omitted). It is also fundamentally unfair to other aliens who cannot acquire such equities because they follow the immigration laws or comply with lawful orders of removal. *See Noem v. Vasquez Perdomo*, 146 S. Ct. 1, 5 (2025) (mem.) (Kavanaugh, J., concurring in the grant of the application for stay) (stating that aliens "acting illegally by remaining in the United States . . . are not only violating the immigration laws, but also jumping in front of those noncitizens who follow the rules and wait in line to immigrate into the United States through the legal immigration process"). Thus, with due regard for our role as an administrative court of law rather than a court of equity, *see Matter of O-R-E-*, 28 I&N Dec. 330, 336 (BIA 2021), the public interest in finality, and the fair application of the immigration laws, only a truly exceptional situation would warrant us exercising our sua sponte authority to reopen a case based on equities acquired after a valid order of removal is entered.

The respondent has not presented a "truly exceptional situation[]." *Matter of G-D-*, 22 I&N Dec. at 1134. He entered the United States in 2008 and was placed in removal proceedings after he overstayed his visa. The Immigration Judge denied his applications for relief and ordered him

removed in 2013. We dismissed his appeal in 2014, and his petition for review was denied in 2015. *See Yadav v. Lynch*, 628 F. App'x 769 (1st Cir. 2015). The respondent married his United States citizen wife in 2017, and USCIS approved the visa petition filed on his behalf in 2020. A respondent's valid marriage to a United States citizen entered into after a removal order does not constitute an exceptional situation warranting sua sponte reopening of removal proceedings. Thus, we decline to exercise our discretionary authority to reopen these proceedings sua sponte.

**ORDER:** The motion to reopen is denied.

**FURTHER ORDER:** If a respondent is subject to a final order of removal and willfully fails or refuses to depart from the United States pursuant to the order, to make timely application in good faith for travel or other documents necessary to depart the United States, or to present himself or herself at the time and place required for removal by the Department of Homeland Security, or conspires to or takes any action designed to prevent or hamper the respondent's departure pursuant to the order of removal, the respondent shall be subject to a civil monetary penalty of up to $998 for each day the respondent is in violation. *See* INA § 274D, 8 U.S.C. § 1324d (2024); 8 C.F.R. § 280.53(b)(14) (2025). Further, any respondent that has been denied admission to, removed from, or has departed the United States while an order of exclusion, deportation, or removal is outstanding and thereafter enters, attempts to enter, or is at any time found in the United States shall be fined or imprisoned not more than 2 years, or both. *See* INA § 276(a), 8 U.S.C. § 1326(a) (2024).