# Matter of Felipe De Jesus HERRERA-NUNEZ, Respondent

*Decided June 12, 2026*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

The respondent did not establish an exceptional situation warranting sua sponte reopening of removal proceedings where his equities were acquired years after he was ordered removed from the United States.

FOR THE RESPONDENT: Isadora Velazquez-Rivas, Esquire, Miami, Florida

BEFORE: Board Panel: MALPHRUS, Chief Appellate Immigration Judge; CHABAN, Appellate Immigration Judge; WHITE, Temporary Appellate Immigration Judge.

MALPHRUS, Chief Appellate Immigration Judge:

The respondent, who is a native and citizen of Mexico, has filed an untimely motion to reopen removal proceedings that became administratively final on October 5, 2015. *See* section 240(c)(7)(C)(i) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1229a(c)(7)(C)(i) (2024); 8 C.F.R. § 1003.2(c)(2) (2026). The respondent also requests a stay of removal during the pendency of his motion to reopen. The motion to reopen will be denied, and the stay request will be denied as moot.

The respondent has filed a motion requesting the Board to exercise its authority to sua sponte reopen proceedings for him to apply for adjustment of status based on his 2019 marriage to his United States citizen spouse.[1] The visa petition is pending with the United States Citizenship and Immigration Services ("USCIS").[2] The respondent also claims that his

---

[1] The phrase "sua sponte" is a Latin phrase meaning "[w]ithout prompting or suggestion; on its own motion." Black's Law Dictionary (12th ed. 2024). The Board has the discretionary authority to sua sponte reopen on our own motion any case in which we have rendered a decision. 8 C.F.R. § 1003.2(a) (2026). "Sua sponte" does not refer to a right of a party to seek reopening. Rather, a respondent only has the right to file one motion to reopen within 90 days of the entry of an order, which is not applicable here. *See* INA § 240(c)(7), 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(c)(2).

[2] The respondent's motion also makes a passing reference to an approved visa petition filed by his daughter. However, this appears to be an error, as the respondent has not

removal order has caused substantial hardship to his spouse and, if executed, will result in manifest injustice and a violation of due process. In support of the motion, the respondent has submitted a copy of a receipt notice for the pending spousal visa petition, a copy of his and his spouse's marriage certificate, a copy of their 6-year-old United States citizen son's birth certificate, a declaration from and medical records pertaining to his spouse, letters of support from friends and co-workers, and other supporting documentation.

The Board's authority to reopen proceedings sua sponte is limited to truly exceptional situations. *Matter of G-D-*, 22 I&N Dec. 1132, 1133–34 (BIA 1999). This sua sponte authority "is not meant to be used as a general cure for filing defects or to otherwise circumvent the regulations, where enforcing them might result in hardship." *Matter of J-J-*, 21 I&N Dec. 976, 984 (BIA 1997). Acquiring equities while remaining illegally in the United States after being ordered removed generally does not constitute an exceptional situation. *Matter of H-Y-Z-*, 28 I&N Dec. 156, 161 (BIA 2020). We reiterated this recently in *Matter of Yadav*, 29 I&N Dec. 438, 439–40 (BIA 2026), where we declined to sua sponte reopen removal proceedings completed in 2014 that the alien sought to reopen based on his 2017 marriage to his United States citizen wife and USCIS' 2020 approval of a visa on his behalf.

In the instant case, the respondent was ordered removed in 2015. He married in 2019, and his visa petition was filed later that year. Thus, the equities were acquired years after the respondent was ordered removed. Moreover, the alien in *Matter of Yadav* had an approved visa petition, whereas the respondent's visa in this case remains pending. Also, the respondent conceded removability and, in the absence of any indication that his removal proceedings were unfair, we are unpersuaded by his generalized assertion that his removal will result in manifest injustice or a deprivation of due process. *See, e.g.*, *Vetcher v. Barr*, 953 F.3d 361, 369–70 (5th Cir. 2020) (explaining that the Fifth Amendment entitles aliens to due process in removal proceedings and that due process in turn requires that the removal proceedings be conducted with fundamental fairness). Accordingly, we decline to exercise our discretionary authority to reopen these proceedings sua sponte. Because we have adjudicated the motion to reopen, the respondent's request for a stay is moot.

**ORDER:** The motion to reopen is denied.

---

provided evidence that he has a daughter or that anyone other than his spouse has filed a visa petition on his behalf.

**FURTHER ORDER:** The request for a stay of removal is denied as moot.

**NOTICE:** If a respondent is subject to a final order of removal and willfully fails or refuses to depart from the United States pursuant to the order, to make timely application in good faith for travel or other documents necessary to depart the United States, or to present himself or herself at the time and place required for removal by the Department of Homeland Security, or conspires to or takes any action designed to prevent or hamper the respondent's departure pursuant to the order of removal, the respondent shall be subject to a civil monetary penalty of up to $998 for each day the respondent is in violation. *See* INA § 274D, 8 U.S.C. § 1324d (2024); 8 C.F.R. § 280.53(b)(14) (2026). Further, any respondent that has been denied admission to, removed from, or has departed the United States while an order of exclusion, deportation, or removal is outstanding and thereafter enters, attempts to enter, or is at any time found in the United States shall be fined or imprisoned not more than 2 years, or both. *See* INA § 276(a), 8 U.S.C. § 1326(a) (2024).